



## OPINION

No. 04-10-00785-CV

Roland **HARDY** d/b/a Hardy & Associates,
Appellant

v.

Carol **MATTER** and Frank Matter,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18502
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:      Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  July 20, 2011

AFFIRMED

Architect Roland Hardy d/b/a Hardy and Associates appeals from an order denying a

motion to dismiss a claim brought against him by Carol and Frank Matter. Hardy maintains the

claim must be dismissed because the Matters failed to file an affidavit that complied with Section

150.002(a) of the Texas Civil Practice and Remedies Code.[1] Under Section 150.002(a), a plaintiff who sues an architect for professional malpractice must file with the suit an affidavit of a third-party licensed architect setting forth specifically at least one negligent act, error, or omission and the factual basis for each such claim. At issue in this case is whether Section 150.002(a) requires the architect's qualifications to appear on the face of this affidavit. After construing Section 150.002(a), we conclude the statute does not require the affiant's qualifications to appear on the face of the affidavit. Because the affidavit filed by the Matters met the requirements of the statute, we affirm the trial court's order.

## BACKGROUND

In 2003, the Matters purchased a house located in Helotes, Texas. The house was designed by Hardy in 1998 and 1999, and was built by a contractor in 1999. Hardy provided "builder's plans" for the house. Builder's plans contain fewer specifications and detail than blueprints and other architectural drawings. After living in the house, the Matters noticed water leaks. The Matters sued the previous owner and the contractor. They later added Hardy as a defendant. In their amended petition, the Matters alleged the house was built with an insufficient drainage plane behind the exterior stucco finish and an improperly installed vapor barrier which caused moisture to be retained inside the walls of the house. Attached to their amended petition was an affidavit from Lance Tatum. In this affidavit, Tatum avers he is fully competent to testify to the matters in the affidavit and is a "duly licensed Registered Architect in the State of Texas." Tatum further opines that Hardy committed architectural malpractice by failing to (1) provide

---

[1] The Legislature amended Section 150.002, effective September 1, 2009. *See* Act of June 2, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, Tex. Gen. Laws 1991-92 (effective Sept. 1, 2009). Because the Matters' suit was filed before September 1, 2009, the amendments do not apply to this case. The citations in this opinion are to the version of the statute in effect before the 2009 amendments. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 12, 2005 Tex. Gen. Laws 348; and Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 150.002, 2005 Tex. Gen. Laws 369, 369-70 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)).

detailed instructions regarding waterproofing, moisture barriers, and sealing of the walls, (2) take any course of action with regard to these implementation issues, and (3) observe the construction process as it occurred to identify the improper construction procedures as they were occurring.

Hardy moved to dismiss the suit, asserting the affidavit filed by the Matters was insufficient because it did not comply with all of the requirements of Section 150.002(a) of the Texas Civil Practice and Remedies Code. In particular, Hardy alleged the affidavit was insufficient because it failed to state that Tatum (1) was actively engaged in the practice of architecture, and (2) practiced in the same area as Hardy. The Matters filed a response and an amended response to Hardy's motion to dismiss. Attached to the amended response was a supplemental affidavit from Tatum. In his supplemental affidavit, Tatum avers he is (1) "currently actively engaged in the practice of architecture in the State of Texas, and [has] been for several decades, including in 1998 and 1999;" and (2) that his "area of architecture practice encompasses the creation of Builder's Plans, although it is not limited to that." The Matters also attached Tatum's resume to their amended response.

The trial court held a hearing on Hardy's amended motion to dismiss. At the hearing, the trial court disagreed with Hardy's assertion that Section 150.002(a) requires the qualifications of the third-party architect to appear on the face of the affidavit filed with the suit. Apparently relying on Tatum's initial affidavit addressing the alleged negligent omissions and the factual basis for the claim, as well as Tatum's supplemental affidavit addressing his qualifications, the trial court determined the Matters satisfied the requirements of Section 150.002(a). Thereafter, the trial court signed an order denying the amended motion to dismiss. Hardy appealed the trial court's interlocutory order.

## STANDARD OF REVIEW

Generally, we review an order denying a Section 150.002 motion to dismiss under an abuse of discretion standard. *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 731-32 (Tex. App.—Texarkana 2010, pet. filed); *Kniestedt v. Sw. Sound & Elec., Inc.*, 281 S.W.3d 452, 454 (Tex. App.—San Antonio 2007, no pet.). Nevertheless, if resolution of the issue requires us to construe statutory language, we employ a de novo standard of review. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Palladian Bldg. Co., Inc. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 436 (Tex. App.—Fort Worth 2005, no pet.). Under this circumstance, we first determine the statute's proper construction under a de novo standard, then determine if the trial court abused its discretion in applying the statute. *Palladian*, 165 S.W.3d at 436.

## DISCUSSION

Hardy argues the trial court abused its discretion in denying his motion to dismiss because Tatum's initial affidavit did not state that he practiced in the same area as Hardy and that he was actively engaged in the practice of architecture as required by Section 150.002(a). Hardy also argues the trial court abused its discretion by considering Tatum's supplemental affidavit because Section 150.002(a) does not permit consideration of supplemental affidavits. In response, the Matters contend there is no requirement within Section 150.002(a) that the initial affidavit set forth the qualifications of the third-party architect; the statute's only requirement is that the third-party architect hold the qualifications listed in the statute. The Matters further contend the trial court was permitted to review information outside of the initial affidavit, such as a resume or a supplemental affidavit, to determine if Tatum had the qualifications specified in Section 150.002(a).

Resolution of these issues requires us to construe Section 150.002(a). Our primary goal in construing a statute is to give effect to the Legislature's intent as expressed in the language of the statute. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We may not adopt a construction that renders any part of the statute meaningless or superfluous. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). Under the well settled principles of statutory construction, we begin with the statutory language itself. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). When the words of a statute are unambiguous, we apply them according to their plain and common meaning. *Galbraith*, 290 S.W.3d at 867. "We look first to the statute's language to determine that intent, as we consider it a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (internal quotations omitted). "In construing statutes we presume that each word in the statute was put there for a purpose and each word not in the statute was omitted for a purpose." *In re Gen. Elec. Co.*, 271 S.W.3d 681, 687 (Tex. 2008). When the Legislature uses a term in one section of a statute and excludes it in another, the term should not be implied where it was excluded. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995).

With the aforementioned principles in mind, we examine Section 150.002, which is titled "Certificate of Merit." Subsection (a) of the statute provides,

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, *which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim.* The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this

state and actively engaged in the practice of architecture, surveying, or engineering.

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (emphasis added). The statute further provides that the failure to file the third-party affidavit contemporaneous with the filing of the suit requires the dismissal of the claim. *Id*. § 150.002(d). This dismissal may be with prejudice. *Id*. An exception exists for situations in which the limitations period will expire within ten days of the filing of the suit. *Id*. § 150.002(b). An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order. *Id*. § 150.002(e).

As shown above, Section 150.002(a) expressly states the "affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." The statute also requires that the third-party architect (1) be competent to testify, (2) hold the same professional license as and practice in the same area of practice as the defendant, and (3) be licensed in this State and actively engaged in the practice of architecture. But the plain language of the statute never states these qualifications must be set forth in the affidavit. And, we cannot imply that the statute requires these qualifications to be set forth in the affidavit when it does not. We conclude the statute does not require the qualifications of the third-party architect to appear on the face of the initial affidavit; rather, the statute requires only that the affiant hold the specified qualifications. Additionally, even though Section 150.002(a) requires the affidavit to be filed contemporaneous with the suit, nothing in the statute provides that the affiant's qualifications must be demonstrated at this juncture. The statute is silent as to how and when the third-party architect's qualifications must be established.

We recognize that another Texas appellate court has construed Section 150.002(a) as requiring the qualifications listed in Section 150.002(a) to appear on the face of the initial affidavit filed with the suit. *See Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d

492, 500 (Tex. App.—Corpus Christi 2009, no pet.). The opinions of other Texas appellate courts, however, are not binding on us. *Eubanks v. Mullin*, 909 S.W.2d 574, 576 n. 1 (Tex. App.—Fort Worth 1995, no writ). Although we have reviewed and considered *Landreth*, we decline to adopt its construction of Section 150.002(a).

In *Landreth*, the Corpus Christi Court of Appeals construed Section 150.002(a) as requiring the initial affidavit to recite the qualifications listed in the statute. *See* 285 S.W.3d at 499-500. Important to the court's reasoning was Section 150.002(a)'s mandate that the affidavit be filed at the same time as the complaint. *Id*. at 499. The court also looked to guidance from the Medical Liability and Insurance Improvement Act (MLIIA) in determining what is required of an affidavit under Section 150.002(a). *See id*. at 498. The appellate court noted that, unlike the MLIIA, Section 150.002(a) has no express provision allowing a plaintiff to cure a deficient affidavit. *Id*. at 499. Based on this comparison to the MLIIA, the appellate court concluded the Legislature did not intend to allow plaintiffs to cure deficient affidavits under Section 150.002(a). *See id*. ("Had the legislature desired to give a design professional an opportunity to correct the affidavit, it could have provided it in the same manner it did in the medical malpractice statute."). After construing the statute as requiring the affiant's qualifications to appear on the face of the initial affidavit, the appellate court held the trial court did not have the authority to consider amended or supplemental affidavits. *Id*. at 500.

"Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on." *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006). Accordingly, in construing Section 150.002(a) we look no further than the literal text of the statute, which simply does not state the affiant's qualifications must appear on the face of the initial affidavit. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*,

996 S.W.2d 864, 866 (Tex. 1999) (explaining the reasons for construing the plain language of a statute before resorting to rules of construction).

In addition to *Landreth*, Hardy cites cases from three other Texas appellate courts. However, none of these cases squarely addresses whether Section 150.002(a) bars the trial court from considering amended or supplemental affidavits to evaluate the qualifications of third-party design professionals. In two of the cases, the plaintiffs filed both an affidavit and a resume with their suit, and the courts considered the information provided in both the affidavits and the resumes in evaluating whether the affiants had the qualifications listed in Section 150.002(a). *Belvedere Condos. at State Thomas, Inc. v. Meeks Design Group, Inc.*, 329 S.W.3d 219, 221 (Tex. App.—Dallas 2010, no pet.); *Benchmark Eng'g. Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 49 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd by agr.). In the third case, *Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 735 (Tex. App.—Texarkana 2010, pet. filed), the appellate court upheld the trial court's ruling that the affiant had the qualifications listed in Section 150.002(a), even though the third-party affidavit did not specifically state that the affiant practiced in the same areas as the defendant. Moreover, in dicta, the appellate court noted, "[a]lthough the statute requires the affidavit to be made only by certain qualified persons, *it is not required that the affidavit set out those qualifications*." *See id.* n.5 (emphasis added).

Finally, Hardy argues that construing Section 150.002(a) as not requiring the affiant's qualifications to be stated on the face of the affidavit would render the statute meaningless. We disagree. In making this argument, Hardy cites *Sharp Eng'g. v. Luis*, 321 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2010, no pet.). In *Sharp*, the plaintiffs failed to file a third-party affidavit when they first filed suit against an engineer. *Id.* at 749. Later, the plaintiffs filed an amended petition with the required affidavit. *Id.* at 750. The plaintiffs did not contend they fell

within the exception under Section 150.002(b), which extends the time for filing an affidavit when the limitations period is about to expire. *Id*.; *see* § 150.002(b). The appellate court refused to construe Section 150.002(a) as not requiring the filing of the third-party affidavit contemporaneous with the original petition because such a construction would render Section 150.002(b) meaningless. *Id*. at 751.

The construction we adopt does not render any part of the statute meaningless. The apparent purpose of Section 150.002 is to discern whether a claim brought against a defendant architect has merit, and to provide a vehicle for dismissal when a claim lacks merit. *See* § 150.002. As we construe Section 150.002(a), a plaintiff must file with his suit an affidavit of a third-party architect that sets forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each claim. *See* §150.002(a). The third-party architect who signed the affidavit must hold the qualifications listed in the statute, but the statute does not require these qualifications to appear on the face of the affidavit. *See id*.

## CONCLUSION

Under the plain language of the statute, the trial court was not precluded from looking to Tatum's supplemental affidavit to determine his qualifications. Here, there is no dispute Tatum had the required qualifications, and that his qualifications were demonstrated in his supplemental affidavit. We conclude the trial court did not abuse its discretion in denying Hardy's amended motion to dismiss. We, therefore, affirm the trial court's order.

Karen Angelini, Justice