# NO. 12-12-00034-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROY OWENS, D/B/A ROCA CONSTRUCTION COMPANY, APPELLANT* | § | *APPEAL FROM THE 1ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE HOUSING AUTHORITY OF THE CITY OF SAN AUGUSTINE, LAFHER COULTER, BRENDA HALL, AND PAT DISMUKES, APPELLEES* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roy Owens, d/b/a ROCA Construction Company, appeals a series of orders signed by the trial court that resulted in a final judgment in favor of the Housing Authority of the City of San Augustine (HACSA), Lafher Coulter, Brenda Hall, and Pat Dismukes (collectively, Appellees). He raises four issues on appeal. We affirm.

## BACKGROUND

Owens is a general contractor in the construction industry. On June 28, 2006, he executed a contract with HACSA to make improvements to HACSA property. Coulter executed the contract in his official capacity as Executive Director of HACSA. Hall, HACSA's President, did not sign the contract. Dismukes drafted the plans and specifications as the project architect. Owens filed suit against Appellees alleging that the project was completed on or about December 4, 2006. In his petition, Owens alleged that he was not paid the full amount owed to him under the contract, and was dissatisfied with the conduct of Coulter, Hall, and Dismukes in how they dealt with him in performing the contract. Owens attempted to raise several contractual and tort

claims against HACSA, Coulter, Hall, and Dismukes. But the primary basis of Owens's claim seems to be that several "change orders" to Dismukes's plans and specifications were required, resulting in greater project costs to Owens that went unpaid.

Dismukes filed a motion to dismiss for failure to comply with the certificate of merit requirements in Section 150.002 of the Texas Civil Practice and Remedies Code. The remaining defendants filed a motion to dismiss Owens's tort claims against them. Coulter and Hall also filed a motion to dismiss the contract claims against them because they were not proper parties to the suit. HACSA, Coulter, and Hall also filed a motion for summary judgment, alleging that the statute of limitations had run on Owens's claims against them.

After a hearing, the trial court granted all of the motions, resulting in a final judgment, and dismissed Owens's suit. Owens filed a motion for new trial, which was expressly denied. This appeal followed.


## LIMITATIONS

In his first and third issues, Owens argues that his claims are not tort claims, but are contract claims, and as such, were not barred by the four year statute of limitations.[1] Since these issues are related, we address them together.

### Standard of Review and Applicable Law

Rule 38.1 of the Texas Rules of Appellate Procedure sets forth what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(*i*) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(*i*). The appellate court has no duty to brief issues for an appellant. *Huey v. Huey,* 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); *Med. Specialist Grp., P.A. v. Radiology Assocs., L.L.P.,* 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (same); *see*

---

[1] Owens filed his suit on June 16, 2011, which was approximately four-and-one-half years after the date he contends the contract was completed.

*also* ***Fredonia State Bank v. Gen. Am. Life Ins. Co.,*** 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem points of error waived due to inadequate briefing).

Stated another way, an appellant must provide such a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. ***Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,*** 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." ***Id.*** Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention. ***San Saba Energy, L.P. v. Crawford,*** 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## Discussion

Owens's entire argument on these two issues, and all other conceivably relevant portions of the brief, are set forth as follows:

### NATURE OF THE CASE

This case involves a contract case where the total contract fee including change orders was not fully paid. (R 78-80 and l06-107) The trial court granted summary judgment relief and dismissed Appellant/Plaintiffs case.

. . . .

### STATEMENT OF THE FACTS

The Appellant/Plaintiff signed a contract on June 28, 2006 to perform repairs on the premises of Appellee/Defendant Housing Authority. (R. 106-107) However, as a result of the instructions and demands of Appellee/Defendant Coulter the contract did not end until July 9, 2007. (R.78-80) At the end of that time, the Appellee/Defendant failed and refused to pay Appellant/Plaintiff. (R.78-80) In addition, the Appellant/Plaintiff caused change orders to be approved but the Appellee/defendants failed and refused to pay them. (R.78-80 and 85)

. . . .

### GROUND OF ERROR ONE
### APPELLEE'S ARGUMENT REGARDING TORT CLAIM ANALYSIS IS INEFFECTIVE AGAINST APPELLANT'S CONTRACT ALLEGATIONS

### ARGUMENT AND AUTHORITIES

3

Appellee's summary judgment arguments were based, in part, on tort analysis. (R. 60-64) Appellant does not take any issue with those arguments, inasmuch as appellant based his claim for relief on contract claims only. (R. 78-80). Appellant['s] allegations are based on the contract signed on June 28, 2006 and on the demands and instructions made concerning the performance thereto. (R. 106-107 and 78-80). Appellant further alleges that his performance went beyond the contract deadlines based on said demands and instruction. (R. 78-80).

. . . .

## GROUND OF ERROR THREE
### THE STATUTE OF LIMITATIONS HAD NOT RUN AT THE TIME OF FILING

### ARGUMENT AND AUTHORITIES

The Appellees/Defendants claim that the statute of limitations had run on the case at bar based on the contract dates. (R. 106-107) Appellant asserts that work on the contract went well beyond the contract dates and that the limitations started at the completion of work. (R.78-80)

Although Owens includes some citations to the record, he does not provide any substantive argument or cite any authority in support of these complaints. Moreover, the citations to the record do not further clarify the contours of his argument. In the absence of any legal analysis or citation to appropriate authorities, Owens presents nothing for our review. *See WorldPeace*, 183 S.W.3d at 460; *Med. Specialist Grp.*, 171 S.W.3d at 732. Accordingly, we overrule Owens's first and third issues.

## CERTIFICATE OF MERIT

In his second issue, Owens contends that since his claim against Dismukes is contractual in nature, a certificate of merit was not required. Consequently, he argues, the trial court erred in granting Dismukes's motion to dismiss for Owens's failure to attach the certificate to his pleading.

## Standard of Review and Applicable Law

In any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . licensed professional engineer . . . . The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

4

TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)-(b) (West 2011). A plaintiff's failure to file the affidavit "shall result in dismissal of the complaint against the defendant." *Id.* § 150.002(e). "This dismissal may be with prejudice." *Id.* An order granting or denying a motion to dismiss on this ground is appealable. *Id.* § 150.002(f). We review a trial court's denial of a Section 150.002 motion to dismiss for an abuse of discretion. *Hardy v. Matter,* 350 S.W.3d 329, 331 (Tex. App.—San Antonio 2011, pet. dism'd). If, as here, resolution of the issue requires us to construe statutory language, we employ a de novo standard of review. *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex. 2009); *Hardy,* 350 S.W.3d at 331. We first determine the statute's proper construction under a de novo standard, and then determine if the trial court abused its discretion in applying the statute. *Hardy,* 350 S.W.3d at 331.

## Discussion

Owens's argument on this issue is as follows:

GROUND OF ERROR TWO
WHERE THERE IS NOT A NEGLIGENCE CLAIM MADE, THE CERTIFICATE OF MERIT
IS NOT IN EFFECT

ARGUMENT AND AUTHORITIES

Appellant made contract claims against the Appellee/Defendant architect, but not a negligence claim. Inasmuch as, more than two (2) years had lapsed at the filing of his lawsuit only contract claims were made. (R. 78-80) The Civil Practice Remedies and Code Section 150.002 requires a Certificate of Merit be filed with the petition when negligence claims are made. However, Appellant/Plaintiff only pled contract claims and as such, section 150.002 is not applicable. *Consolidated Reinforcement, LP. v. Carothers Executive Homes, Ltd.* (App. 3 Dist. 2008) 271 SW 3d 887.

We disagree that Owens attempted to plead only contract claims in his petition. He appears to also assert a negligence claim, a tortious interference with a contract or existing business relationship claim, and possibly a defamation claim against the parties, including Dismukes. However, he disclaims this attempt in his first issue, as described above, as well as in this issue. In essence, he is expressly waiving any tort claims. In any event, to the extent that Owens pleaded tort claims, it is undisputed that a certificate of merit was required to be attached to his pleading and that he failed to attach a certificate to any of his pleadings in the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002.

5

We note that it is not clear in the record whether Dismukes would be subject to a breach of contract claim based on the nature of the transaction and the dealings between the parties in this suit. And Owens has not provided any substantive analysis as to how Dismukes could be subject to liability for breach of contract, even though he did not sign the contract, and is not a party to it. Nor does he discuss the issue under related concepts such as Owens's possible standing to sue as a third-party beneficiary of HACSA'a contract with Dismukes.

Assuming, without deciding, that Owens properly raised a contractual claim against Dismukes, he has failed to negate the applicability of Section 150.002 and its requirement for a certificate of merit. As amended in 2009, the current version of the Certificate of Merit statute requires a certificate of merit to be filed "[i]n any action . . . for damages arising out of the provision of professional [engineering] services by a licensed or registered professional." *See id.* This includes breach of contract claims. *See Pro Plus, Inc. v. Crosstex Energy Services, L.P.*, 388 S.W.3d 689, 707 (Tex. App.—Houston [1st Dist.] 2012, pet. granted) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a)); *see also S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 399-400 (Tex. App.—Austin 2011, no pet.).

The authority cited by Owens has been overruled by the same court that issued the opinion as to claims arising under current law. *See Consol. Reinforcement, L.P. v. Carothers Exec. Homes, Ltd.*, 271 S.W.3d 887, 893-94 (Tex. App.—Austin 2008, no pet.), *overruled by S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390 (Tex. App.—Austin 2011, no pet.). Prior to a legislative amendment in 2009, some courts construed Section 150.002 to apply to negligence or other tort claims, but not contract claims. *See, e.g., Natex Corp. v. Paris Indep. Sch. Dist.,* 326 S.W.3d 728, 733 (Tex. App.—Texarkana 2010, pet. dism'd w.o.j.); *Consol. Reinforcement*, 271 S.W.3d at 893-94. However, the law was changed with the 2009 amendments to the statute. *See Pro Plus*, 388 S.W.3d at 707; *see also S & P Consulting Engineers*, 334 S.W.3d at 399-400.

Finally, since Owens filed suit in 2011, the current version of the statute governs this case. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 3–4, sec. 150.002, 2009 Tex. Gen. Laws 1991, 1992 (now codified at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011)) (stating that the 2009 amendment applies to actions commenced after the amendment's effective date of September 1, 2009). It is undisputed that no certificate of merit was attached, and

consequently, the trial court had a mandatory duty to dismiss the suit against Dismukes. Therefore, the trial court did not err in granting Dismukes's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e). We overrule Owens's second issue.

## PROPER PARTIES TO THE SUIT

In his fourth issue, Owens argues that Coulter and Hall are proper parties to the suit, and it was error for the trial court to dismiss them as parties from the case. Owens's argument on this issue is as follows:

> GROUND OF ERROR FOUR
> THE PARTIES THAT ARE INDISPENS[A]BLE TO A CONTRACT ACTION IS
> EVIDENTIARY AND NOT A MATTER OF LAW
>
> ARGUMENT AND AUTHORITIES
>
> The Appellees also claim[ ] that the parties sued were not contract parties. (R. 60-65). Appellant asserts that the Appellee/Defendant Housing Authority was a named party to the contract. (R. 106-107). Further, that Appellee/Defendant COULTER was a signee to the contract and issued demands and instruction regarding the permance [sic] to the contract. (R. 106-107) Appellee/Defendant Brenda Hall may have taken part in the demands and instructions given, which is evidentiary and she personally denied change orders. (R78-80 and 85)

As with the first and third issues, Owens waived his fourth issue by failing to properly brief it. *See WorldPeace,* 183 S.W.3d at 460; *Med. Specialist Grp.,* 171 S.W.3d at 732.

And even if he had properly briefed the issue, it is clear that Coulter and Hall were not proper parties to the suit as a matter of law. As to Owens's alleged tort claims, they were not proper parties because they are employees of HACSA. The Texas Tort Claims Act requires employees of a governmental agency to be dismissed from a suit when, as here, the plaintiff sues both the agency and its employees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.006 (West 2011) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). HACSA filed a motion to dismiss on this ground that was properly granted by the trial court.

Next, with respect to Owens's contract claims, it is clear from the record that Hall did not sign the contract, and Coulter signed the contract only in his official capacity as HACSA's

7

Executive Director. The law is also clear that when an agent, while acting in that capacity, executes a contract on behalf of a fully disclosed principal, he or she is not individually liable for breach of contract claims. *See Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 554 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Resolution Trust Corp. v. Park Leasing Co.*, 855 S.W.2d 220, 225 (Tex. App.—Waco 1993, writ denied); *Hartford Cas. Ins. Co. v. Walker Cnty. Agency, Inc.*, 808 S.W.2d 681, 687 (Tex. App.—Corpus Christi 1991, no writ). The principal is the proper party. Consequently, the trial court did err in dismissing Coulter and Hall from the suit. We overrule Owens's fourth issue.

## DISPOSITION

Having overruled Appellant's four issues, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-12-00034-CV**

**ROY OWENS, d/b/a ROCA CONSTRUCTION COMPANY,**
Appellant
V.
**THE HOUSING AUTHORITY OF THE CITY OF SAN AUGUSTINE,
LAFHER COULTER, BRENDA HALL, AND PAT DISMUKES,**
Appellees

Appeal from the 1st Judicial District Court of
San Augustine County, Texas. (Tr.Ct.No. CV-11-9274)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ROY OWENS**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9