**Opinion issued March 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00555-CV

————————————

## MICHAEL GAERTNER D/B/A MICHAEL GAERTNER & ASSOCIATES, Appellant

## V.

## ROBERT LANGHOFF, Appellee

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCV-195411

## O P I N I O N

Defendant/appellant Michael Gaertner d/b/a Michael Gaertner & Associates

appeals the trial court's interlocutory order denying his motion to dismiss under

section 150.002(e) of the Texas Civil Practice and Remedies Code. We affirm.

## BACKGROUND

In January 2010, plaintiff/appellee Robert Langhoff was injured after slipping and falling down the stairs of a Fort Bend County historic property, the Lamar-Calder House.[1]  Langhoff sued the building's owners and managers, as well as the construction company and the architect that were hired to convert the building from residential to commercial in 2002, alleging they "failed to conform with and implement safety guidelines, building code requirements and generally accepted design and building practices when renovating the property, or otherwise provide complete building code compliance or oversight."  Specifically, Langhoff complained that his injuries were caused by the "proper safety measures or devices" being "absent from the stairway."

Langhoff pleaded a negligence claim against architect Gaertner.  Pursuant to section 150.002 of the Texas Civil Practice and Remedies Code—which requires that a suit against a licensed architect be accompanied by a "Certificate of Merit"—Langhoff's petition attached the affidavit of Robert A. Bueker, Architect.

Specific to his qualifications, the affidavit states,

> I am a professional Architect who is licensed to practice in the State
> of Texas, registration Number 7550.  I have been a registered architect
> in Texas since March 1, 1980 and actively practice Architecture,

---

[1]  Langhoff was a business invitee on the premises to work on internet and telephone systems at the request of a commercial tenant.  The fall injured his back, necessitating surgery and ongoing medical care.

Construction Management and general Contracting in the State of Texas today.

**A. Gaertner's Motion to Dismiss**

Gaertner filed a motion to dismiss, arguing that Bueker's certificate of merit failed to comply with Chapter 150. Specifically, Gaertner challenged whether Bueker was "knowledgeable in the area of practice of the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011). The crux of his argument is that Bueker lacked sufficient experience "pertaining to Historic Preservation," and he asserts that the building code standards that Bueker cites are not required to be followed by historical buildings.

Citing excerpts from Bueker's deposition, Gaertner argues that "Bueker has never i) designed a Historic Preservation project, ii) never been through the process of having a building designated as a historical building, iii) has never investigated the process of having a building designated as a historical building, and iv) is not familiar with the building code provisions that are applicable to Historic Preservation." Gaertner also points out that Bueker admits that he is not familiar with the Texas Historic Commission.

Langhoff filed a response, arguing that "Defendant's Motion to Dismiss should be denied, because Plaintiff has fully complied with all statutory requirements set forth in Tex. Civ. Prac. & Rem. Code § 150.002."

Langhoff further contended that Bueker need not be an expert in the sub-specialty of historic renovations. Citing Bueker's certificate of merit, curriculum vitae, and additional deposition excerpts, Langhoff argued that the following established Bueker's section 150.002 qualifications:

- Bueker has been licensed as a professional architect since 1980, and "possesses extensive experience in both commercial and residential building."

- Bueker actively practices "Architecture, Construction management, and general Contracting."

- Bueker testified to his belief that he possessed sufficient knowledge to opine whether Gaertner was negligent and failed to comply with applicable standard of care for an architect because, "my knowledge extends to any building that is accessible by the general public."

According to Langhoff, under Texas law, Bueker was "not required to demonstrate expertise in Gaertner's sub-specialty of historical renovation," but instead "must merely demonstrate that he is a licensed architect, knowledgeable in the same *general* practice as Gaertner." Because Gaertner was the architect and owners' representative in a project converting a house into a commercial building, and because Bueker has worked in residential and commercial buildings practicing as an architect and owners' representative, Langhoff argued he is qualified under section 150.002 to render a Certificate of Merit.

The trial court denied Gaertner's Motion to Dismiss, and he filed this timely interlocutory appeal.

4

**THIS APPEAL**

In his sole issue, Gaertner contends that we should reverse the trial court's order and dismiss Langhoff's claims against him because Bueker does not have the requisite qualifications to author a complying report under section 150.002 of the Texas Civil Practice and Remedies Code.

**APPLICABLE LAW AND STANDARD OF REVIEW**

Section 150.002 sets forth the required qualifications for the author of a "Certificate of Merit" in a lawsuit against a licensed architect:

> (a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect . . . who:
>
>> (1) is competent to testify;
>>
>> (2) holds the same professional license or registration as the defendant; and
>>
>> (3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
>>
>>> (A) knowledge;
>>>
>>> (B) skill;
>>>
>>> (C) experience;
>>>
>>> (D) education;
>>>
>>> (E) training; and
>>>
>>> (F) practice.
>
> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar

5

professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect . . . shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

TEX. CIV. PRAC. & REM. CODE § 150.002(a)&(b) (West 2011).

An order granting or denying a motion to dismiss for failure to file a Certificate of Merit under section 150.002 is immediately appealable. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011). We review a trial court's order denying a motion to dismiss for abuse of discretion. *See e.g.*, *Carter & Burgess, Inc. v. Sardari*, 355 S.W.3d 804, 808 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *Id*. at 808–09; *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To the extent we are required to interpret a statute, that aspect of our review is performed de novo. *Carter & Burgess*, 355 S.W.3d at 809.

## ANALYSIS

Gaertner argues that the trial court abused its discretion by denying his motion to dismiss. He emphasizes that Bueker "has never provided professional services for an historic property, . . . has not designed an historic preservation project, has not been involved in the process of having a structure designated as an historical building, and is unfamiliar with the building code provisions applicable to historic preservation." Gaertner also notes Bueker's lack of familiarity with the

Texas Historical Commission, including its scope of authority, how it addresses safety in historic properties, or how it "values stairways as a part of the historic features of a building."

Next, Gaertner points to Bueker's concession—in his deposition testimony—that professional design services for historic properties is a specialty area, and that architects that specialize in this area would be more knowledgeable than him in this area. Similarly, Bueker admitted that the City of Rosenberg's building department was aware of the egress deficiencies in the Lamar-Calder House's renovation plans, but did not consider the condition to constitute a "distinct life safety hazard" and that he does not know if the city building code has exceptions for historical buildings.

Finally, Gaertner argues that Bueker must lack the requisite qualification because he has never worked with the Texas Historical Commission, and Bueker admits that his opinions do not take into account the limitations or obligations inherent in historical preservation or the interaction of interests in historical preservation and modernization of building codes.

In support, Gaertner cites *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 497–98 (Tex. App.—Corpus Christi 2009, no pet.) (holding, under earlier version of statute, that trial court abused its discretion in denying motion to dismiss based on architect's failure to establish in his certificate of merit

that he "practice[ed] in the same area of practice as the defendant") and *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 49–50 (Tex. App.—Houston [14th Dist.] 2010, pet. granted, judgm't vacated w.r.m.) (affirming, under earlier version of statute, trial court's denial of motion to dismiss and distinguishing *Landreth* on the ground that engineer's affidavit and resume taken together "provided the trial court with ample information reflecting the fact that he practices in the same area of construction or 'project engineering'" as the defendant engineer). Gaertner contends that, under *Landreth* and *Benchmark*, the trial court abused its discretion by denying his motion to dismiss because Bueker is not "knowledgeable in the relevant area of practice, historical preservation architecture."

In response, Langhoff argues that Gaertner is relying on outdated authority applying an earlier version of section 150.002 that required the affiant to be "practicing in the same area of practice of the defendant" (rather than "knowledgeable" about that area) and that several cases—especially those interpreting the current version of 150.002—have expressly rejected the argument that a certificate's author has to establish knowledge of the defendant's particular sub-specialty. *See Benchmark*, 316 S.W.3d at 49 (interpreting prior version of section 150.002, and holding that engineer did not need to practice in the "engineering sub-specialty" of "water resources"); *Morrison Seifert Murphy, Inc. v*

8

*Zion*, 384 S.W.3d 421, 427 (Tex. App.—Dallas 2012, no pet.) (rejecting argument that architect needed to demonstrate that he was qualified in the sub-specialty area of defendant's practice of "architectural interior design"); *Nortex Found. Designs, Inc. v. Ream*, No. 02-12-00212-CV, 2013 WL 3488185, at \*3 (Tex. App.—Fort Worth July 11, 2013, no pet.) (mem. op.) (interpreting prior version of section 150.002, and holding that engineer need only be practicing in the same area as the defendant (i.e., design of residential foundations), not employed in the same subspecialty (i.e., design of post-tension cable residential foundations)); *Dunham Eng'g Inc. v. Sherwin-Williams Co*., 404 S.W.3d 785, 794–95 (Tex. App—Houston [14th Dist.] 2013, no pet.) (rejecting argument that civil engineer needed to demonstrate that he was "knowledgeable in 'professional engineering services related to water storage tanks and corrosion control'" (the area of defendant's practice) and noting that section 150.002 does not "state that the affiant's knowledge must relate to the same, much less the same specialty, area of practice"). Langhoff contends that these cases demonstrate that whether "the affiant possesses knowledge in the requisite area of practice is not dictated by the defendant's characterization of the important issues in litigation," and emphasizes that the "motion to dismiss is not intended to serve as a substitute for later substantive motions."

9

Langhoff argues that Gaertner's "area of practice," is "architectural design and construction management," and that his "expertise in the narrow area of historical renovation is merely a sub-specialty of his general area of practice." In support, Langhoff details the evidence in the record about Gaertner's contracted obligations with regard to the Lamar-Calder House renovation. The parties' contract reflects that Gaertner was hired to design the renovations to the property (which was "intended to follow the historic guidelines to recall the originally constructed residence"), prepare the construction documents, solicit bids for the construction work, advise the property owners in selecting a general contractor, and supervise the construction process as the owner's representative. Fifteen percent of his total pay was allocated for the "schematic design phase," fifteen for the "design development phase," twenty-five percent for the "construction documents phase," fifteen percent for the "bidding or negotiation phase," and thirty percent for the "construction phase." His contract listed as "Additional Services" the preparation and submission of a Historic Certification Application for federal tax credits (contingent upon the work under the contract being completed), and assistance to the owner in presentations to historical boards, if necessary.

According to Langhoff, the trial court properly denied Gaertner's motion to dismiss because the record establishes that Bueker is knowledgeable in this same area of "Architectural Design and Construction Management." He points to the

record evidence that Bueker has been a registered, practicing architect in Texas for over thirty years. He has been the architect of record on at least twenty buildings in the last fifteen years, and has provided architectural design services for at least 500 single-family homes and a multitude of commercial properties, including office, medical, retail, and banking buildings. The record reflects that he has extensive construction management and development experience as well. Because the record reflects that he has experience and knowledge in the same area as Gaertner practices, Langhoff argues that Bueker need not establish more. We agree that the record supports the trial court's conclusion that Bueker is knowledgeable in the same area that Gaertner practices. Accordingly, the trial court did not abuse its discretion by denying Gaertner's motion to dismiss.

Gaertner relies primarily on *Landreth*, which we conclude is inapposite for several reasons. The affiant architect in *Landreth* outlined his experience as a licensed architect and engineer in Texas. 285 S.W.3d at 494. His affidavit did not, however, "state that [he] was practicing in the same area of architecture in which [defendant] practices." *Id.* He later proffered two amended affidavits that expanded upon his experience, but "even the last affidavit d[id] not state that he is currently practicing in the same area of practice as [defendant] or that he was practicing in the same area of practice at the time he filed his initial affidavit." *Id.* at 495. The court of appeals held—as a matter of first impression—that the

11

affiant's qualifications, including information affirmatively establishing that the affiant practices in the same area as the defendant, must be contained within the four corners of the original certificate of merit. *Id.* at 500. Because the original certificate in that case did not establish that the affiant practiced in the same area as the defendant, the court held that the trial court abused its discretion in not granting the defendant's motion to dismiss. *Id.*

Gaertner acknowledges in his brief *Landreth*'s holding that the trial court is restricted to consideration of the four corners of the certificate of merit has since been rejected. *E.g.*, *Hardy v. Matter*, 350 S.W.3d 329, 334 (Tex. App.—San Antonio 2011, pet. dism'd) ("The third-party architect who signed the affidavit must hold the qualifications listed in the statute, but the statute does not require these qualifications to appear on the face of the affidavit."). We agree with the San Antonio Court that we may look beyond Bueker's affidavit in assessing his experience and knowledge. *See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Moreover, the *Landreth* court was applying an earlier version of Chapter 150 that required the affiant to *currently practice* in the defendant's area of practice. 285 S.W.3d at 496. In contrast, the current statute—applicable in this case—only requires that the affiant be "knowledgeable in the area of practice of the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(a)(3). Because this 2009

12

change in section 150.002 "reduc[ed] the affiant's qualification requirements," *Benchmark*, 316 S.W.3d at 45 n.2, Langhoff's burden in this case is lower than that addressed in *Landreth*. *See Dunham Eng'g Inc.*, 404 S.W.3d at 792 ("[I]n light of the broadened language included in the 2009 amendment, these [earlier] cases have very limited applicability when construing the 2009 version of section 150.002.").

Lastly, although Gaertner cites *Landreth* for the proposition that Bueker was required to demonstrate he was knowledgeable in what he characterizes as the relevant area of Gaertner practices, i.e., "historical preservation architecture," *Landreth* does not actually impose such a requirement. *See Morrison Seifert Murphy*, *Inc.*, 384 S.W.3d at 426 (recognizing that "*Landreth* contained no conclusion as to whether the affiant is required to practice in the same sub-specialty as the defendant under chapter 150."). And numerous cases interpreting the current version of section 150.002's qualifications requirement have expressly rejected that argument. *E.g., Morrison Seifert Murphy, Inc.*, 384 S.W.3d at 426 ("We cannot agree with MSM's contention we must evaluate certificates of merit on the basis of sub-specialties."); *Dunham*, 404 S.W.3d at 794 (rejecting argument that affiant's knowledge must relate to particular area of specialty).

"The purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims are not frivolous." *CBM Eng'rs, Inc.*, 403 S.W.3d at 345. "The statute does not require a plaintiff to marshal his

13

evidence," nor does it "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence on the admissibility of an expert's opinion." *Id*. at 346. Gaertner's arguments about the impact of the historical nature of the property on his duty and standard of care implicate issues to be resolved at a later stage. Such arguments do not go to whether Bueker is knowledgeable in the area Gaertner practices, i.e., architectural design and construction management, for purposes of section 150.002. Because the record demonstrates that Bueker is knowledgeable in the area Gaertner practices, the trial court did not abuse its discretion in denying Gaertner's motion to dismiss.

We overrule Gaertner's sole issue.

## CONCLUSION

We affirm the trial court's order.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.