**CITY OF RICHARDSON, Appellant,**

**v.**

**William GORDON, Appellee.**

No. 05–09–00532–CV.

Court of Appeals of Texas,
Dallas.

July 2, 2010.

Rehearing Overruled Aug. 23, 2010.

Peter G. Smith, Braden Metcalf, Nichols, Jackson, Dillard, Hager & Smith, LLP, Dallas, for Appellant.

Richard B. Tanner, Richardson, for Appellee.

Before Justices BRIDGES, LANG, and LANG–MIERS.

## OPINION ON MOTION FOR REHEARING

Opinion By Justice LANG–MIERS.

We deny appellant's motion for rehearing. On the Court's own motion, we withdraw our opinion issued March 18, 2010 and vacate the judgment of that date. This is now the opinion of the Court. This is an interlocutory appeal from the denial in part of a plea to the jurisdiction. We reverse that portion of the trial court's order denying in part the plea to the jurisdiction and render judgment dismissing Gordon's declaratory judgment claim and request for attorney's fees as moot.

### BACKGROUND

In October 2007, Gordon sued the City alleging that the city council violated the city charter and the Texas Open Meetings Act for many years by holding closed meetings. He alleged that the closed meetings violated the city charter because the charter required all city council meetings to be open:

> All meetings of the Council and all committees thereof shall be open to the public and the rules of the Council shall provide that citizens of the city shall have a reasonable opportunity to be heard at any such meetings, concerning any matter there considered.

RICHARDSON, TEX., CITY CHARTER § 3.10 (1989), *amended by* RICHARDSON, TEX., CITY CHARTER § 3.10 (2007). He alleged that the closed meetings also violated the Texas Open Meetings Act because that act does not authorize a city to hold closed meetings when the city charter requires all meetings to be open:

> This chapter does not authorize a governmental body to close a meeting that a charter of the governmental body:
>
> (1) prohibits from being closed; or
>
> (2) requires to be open.

TEX. GOV'T CODE ANN. § 551.004 (Vernon 2004). Gordon asked the court for a declaration that the City had violated its charter and the Texas Open Meetings Act; for an order enjoining the City from engaging in any projects, contracts, or activities dis-

cussed or decided in the closed meetings; for an order requiring the City to produce agendas, tapes, and records from the closed meetings; and for attorney's fees pursuant to the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008).

While the lawsuit was pending, the City amended its charter, effective November 14, 2007, to allow the city council to meet in closed session as permitted by state law:

> All meetings of the City Council and all committees thereof shall be open to the public except as otherwise permitted by State law, and the rules of the City Council shall provide that citizens of the City shall have a reasonable opportunity to be heard at any such meetings, in regard to any matter there considered.

RICHARDSON, TEX., CITY CHARTER § 3.10 (2007).

Several months after the charter was amended, Gordon amended his petition to seek relief only for alleged violations through November 13, 2007. Thereafter, the City filed a no-evidence motion for summary judgment on Gordon's claims. The court granted the motion in part, stating:

> [T]he Court FINDS there is no genuine issue of material fact on any of Plaintiff's claims, other than Plaintiff's claim that the City Council conducted closed meetings in violation of Defendant's City Charter.... [J]udgment is hereby entered in favor of Defendant City of Richardson, Texas on all of Plaintiff William Gordon's claims and causes of action, including but not limited to all alleged violations of the Open Meetings Act, all alleged violations of the Election Code, and all alleged violations of Defendant's City Charter, save and except Plaintiff's claim that the City Council conducted closed meetings in violation of Defendant's City Charter.

By this order, the trial court dismissed all of Gordon's claims except the claim for declaratory and injunctive relief relating to the alleged violations of the city charter.

The City then filed a second plea to the jurisdiction (its first plea raised other issues) arguing that Gordon's claim for declaratory and injunctive relief became moot when the City amended its charter. It also argued that the trial court did not have jurisdiction to enjoin the City from engaging in any projects, contracts, or activities discussed in the closed meetings. The trial court agreed that it did not have jurisdiction to enjoin the City and granted the plea to the jurisdiction in part:

> [T]he Court has no authority to enjoin Defendant from participating in any manner in any projects, contracts, actions or other activities allegedly discussed by the Richardson City Council in closed meetings occurring on or before November 14, 2007; ... the Court has no authority to render any such projects, contracts, actions or activities invalid or otherwise void; and ... Plaintiff's request for injunctive relief is moot....

Although the trial court denied Gordon's request for injunctive relief as moot, it did not dismiss his claim for a declaration that the City held meetings in violation of its charter from October 26, 2004 to November 13, 2007. On appeal, the City argues that the trial court should have granted the plea to the jurisdiction in its entirety because Gordon's claim for declaratory relief is moot, he has no standing to assert it, and the City is immune from liability for attorney's fees under the Declaratory Judgments Act.

### STANDARD OF REVIEW

■ A party may challenge the trial court's subject-matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of*

*Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004). Whether the trial court has subject-matter jurisdiction is a question of law, which we review de novo. *Id.* at 226. The plaintiff has the burden to plead facts affirmatively showing the trial court has subject-matter jurisdiction. *Id.* In conducting our review, we construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* at 226–27. We consider the pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.; City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. denied). However, we do not assess the merits of the plaintiff's claims. *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). If the evidence creates a fact issue concerning jurisdiction, the plea to the jurisdiction must be denied. *Miranda,* 133 S.W.3d at 227–28.

■■■ The mootness doctrine implicates subject-matter jurisdiction. *Trulock v. City of Duncanville,* 277 S.W.3d 920, 923 (Tex.App.-Dallas 2009, no pet.). A case is moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 642 (Tex.2005). The mootness doctrine dictates that a court avoid rendering an advisory opinion by only deciding an issue that presents a "live" controversy at the time of the decision. *City of Farmers Branch v. Ramos,* 235 S.W.3d 462, 469 (Tex.App.-Dallas 2007, no pet.).

■■■ A declaratory judgment action does not give a court jurisdiction "to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication." *Bexar Met-*

*ro. Water Dist. v. City of Bulverde,* 234 S.W.3d 126, 130–31 (Tex.App.-Austin 2007, no pet.) (quoting *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex.1968)). "A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Id.* at 130 (citing *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995)).

## DISCUSSION

■■■ In its first issue, the City argues that Gordon's only remaining claim is moot. It contends that any decision determining whether the closed meetings violated the former city charter would be advisory only. Gordon argues that the claim is not moot because the trial court could order the City to produce records from the closed meetings so that the citizens of Richardson could see how their representatives voted in those meetings.

The Texas Open Meetings Act governs the propriety of conducting closed meetings and the release of certified agendas and records from closed meetings. *See* TEX. GOV'T CODE ANN. §§ 551.001–.146 (Vernon 2004 & Supp.2009). Although Gordon requested the release of certain records of the closed meetings pursuant to the Texas Open Meetings Act, the trial court dismissed those claims. And even if we liberally construe Gordon's pleading to state a claim under the Texas Public Information Act,[1] that claim was also dismissed when the trial court granted the City's no-evidence motion for summary judgment. The only request for relief remaining after the court's ruling on the summary judgment was Gordon's request for a declaration that the closed meetings violated the

---

1. *See* TEX. GOV'T CODE ANN §§ 552.001–.353    (Vernon 2004 & Supp. 2009).

city charter and for attorney's fees pursuant to the Declaratory Judgments Act.

 We conclude that Gordon's claim for declaratory relief is moot. Because the city charter provision about which Gordon complains has been amended, no future violations of that provision can occur. *See Speer v. Presbyterian Children's Home & Serv. Agency,* 847 S.W.2d 227, 228–30 (Tex.1993) (claim of discriminatory practices in hiring adoption service workers that sought only declaratory and injunctive relief became moot when entity stopped offering adoption services); *Trulock,* 277 S.W.3d at 925–28 (claim that city ordinance unconstitutional became moot when city modified ordinance to delete challenged provisions). And Gordon's request for an order enjoining the City from engaging in projects, contracts, or activities discussed or decided in the closed meetings was also denied. Consequently, any decision determining whether the City held meetings in the past that violated an obsolete provision in the city charter would be advisory only. "[W]hen the action sought to be enjoined is accomplished and 'suitable coercive relief' becomes impossible, it is improper to grant declaratory relief." *Speer,* 847 S.W.2d at 229 (quoting *State ex rel. McKie v. Bullock,* 491 S.W.2d 659, 660 (Tex.1973)).

Gordon's request for attorney's fees under the Declaratory Judgments Act does not keep the controversy alive. Gordon was unsuccessful in the trial court on all but one of his claims, and he has proven unsuccessful on that claim on appeal. Because declaratory and injunctive relief are not available to Gordon, he is not entitled to recover his attorney's fees and costs pursuant to the Declaratory Judgments Act. *See Speer,* 847 S.W.2d at 229–30.

We sustain the City's first issue. We reverse that portion of the trial court's order denying in part the City's second plea to the jurisdiction and render judgment dismissing Gordon's declaratory judgment claim and request for attorney's fees as moot.