

NUMBER 13-17-00143-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| CHRISTOPHER G. PEREZ AND<br>BLUE MARIACHI PRODUCTIONS, LLC., | Appellants, |
| v. | |
| ABRAHAM QUINTANILLA, JR.,<br>AN INDIVIDUAL | Appellee. |

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellants Christopher G. Perez and Blue Mariachi Productions, LLC appeal from

an order denying their motion to dismiss appellee Abraham Quintanilla Jr.'s causes of

action pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. &

REM. CODE ANN. §§ 27.001–.011 (West, Westlaw through 2017 1st C.S.). Appellants assert that the trial court erred by denying their motion to dismiss. Specifically, the appellants argue that the trial court erred by: (1) concluding that appellants did not establish the applicability of the TCPA, (2) denying the motion to dismiss because appellee did not provide clear and specific evidence establishing a prima facie case for each element of his claims, (3) denying the motion to dismiss because appellants can establish valid defenses, (4) overruling appellants' evidentiary objections, and (5) denying appellants their attorneys' fees and expenses. We affirm.

## I.  BACKGROUND

Christopher Perez and Selena Quintanilla-Perez (Selena) were married on April 2, 1992. Selena was killed on March 31,1995. Shortly after Selena's death, in May 1995, Abraham Quintanilla Jr., Selena's father, presented Perez and Selena's family members with an "Estate Properties Agreement" (Agreement). While Perez contests the validity of the Agreement, it contains his signature along with appellee's. The agreement also contains the signatures of Selena's mother, Marcella Quintanilla, Selena's brother, Abraham Quintanilla, III (AB), and Selena's sister, Suzette Quintanilla Arriaga. The Agreement purports to grant ownership of "certain Entertainment Properties" to appellee, including "all proprietary rights in the name, voice, signature, photograph, and likeness of Selena."

In 2011, Perez authored a book by the title "To Selena, With Love," which was published and copyrighted in 2012. Perez later began working closely with a production

company, Endemol Latino,[1] to develop and produce a television series based upon his book.

On or about December 2, 2016, appellee filed his original petition seeking a judicial declaration that Perez violated the Agreement with the book and continued to violate the Agreement through the exploitation of the book. Further, appellee sought a judicial declaration that the Agreement prohibited Perez from entering into a contract with Endemol Latino, and that the appellants "have no right to use, disseminate, exploit or make any commercial use of the Entertainment Properties identified herein, specifically including any adaptation of the unauthorized book into a television series, miniseries or television movie. . . ." The appellants moved to dismiss appellee's claims pursuant to the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. Appellee then filed an amended petition alleging breach of contract in addition to his original claims. After a hearing, the trial court denied the appellants' motion to dismiss. This appeal followed.

## II. THE TCPA

The TCPA provides a mechanism for early dismissal of suits based on a party's exercise of the right of free speech, the right to petition, or the right of association. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. Section 27.003 allows a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *Id*. § 27.003(a). A "'legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id*. § 27.001(6). "The statute broadly defines 'the exercise of the right

---

[1] Endemol Latino, a co-defendant in the underlying matter, is not a party to this appeal.

3

of free speech' as 'a communication made in connection with a matter of public concern.'" *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3)). "Under this definition, the right of free speech has two components: (1) the exercise must be made in a communication and (2) the communication must be made in connection with a matter of public concern." *Id*. "[T]he statute defines 'communication' as 'the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.'" *Id*. (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1)). Thus, the statute defines "communication" to include any form or medium—regardless of whether the communication takes a public or private form. *Id*. A "matter of public concern" is defined by the statute to include issues related to a public official or public figure, among other things. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7); *see Hicks v. Group & Pension Administrators, Inc.*, 473 S.W.3d 518, 525 (Tex. App.—Corpus Christi 2015, no pet.).

The Act imposes the initial burden on the movant to establish by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise" of the right of free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). The Act then shifts the burden to the nonmovant, allowing the nonmovant to avoid dismissal only by "establish[ing] by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. § 27.005(c). The requirement that a plaintiff present "clear and specific evidence" of "each essential element" means that "a plaintiff must provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d 579, 591 (Tex. 2015) (orig. proceeding). "Though the TCPA initially demands more information about the

4

underlying claim, the Act does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id*. If the nonmovant establishes a prima facie case, the burden shifts back to the movant. In order to obtain dismissal, the movant must establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *see Deuell v. Texas Right to Life Comm., Inc.*, 508 S.W.3d 679, 684 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). The court may allow specified and limited discovery relevant to the motion on a showing of good cause, but otherwise all discovery in the legal action is suspended until the court has ruled on the motion to dismiss. *Id*. §§ 27.003, .006(b); *see Hicks*, 473 S.W.3d at 525–26.

Under section 27.006 of the TCPA, the trial court may consider pleadings as evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). The TCPA does not require a movant to present testimony or other evidence to satisfy the movant's evidentiary burden. *Serafine v. Blunt*, 466 S.W.3d 352, 360 (Tex. App.—Austin 2015, no pet.).

> We review de novo questions of statutory construction. We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the Act. We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims.

*Id*. at 357 (internal citations omitted).

### III.    APPLICATION OF THE TCPA TO APPELLEE'S CLAIMS

In addressing appellants' first issue, we must determine whether appellants established by a preponderance of the evidence that the TCPA applies to the underlying claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). Section 27.003 provides that a party may file a motion to dismiss if a legal action "is based on, relates to, or is in response to [that] party's exercise of the right of free speech, right to petition, or right of association." *Id*. § 27.003(a). Appellants assert that they exercised their rights of free speech through the book "To Selena, with Love," made in connection with a matter of public concern, which included, in this case, issues related to a "public figure." *Id*. § 27.001(3), (7)(D); *see id*. § 27.001(1).

To determine whether appellee's lawsuit is related to the exercise of free speech under the TCPA, we begin our de novo review by looking at the pleadings. *See id*. § 27.006(a); *Serafine*, 466 S.W.3d at 357. In appellee's original petition, he seeks a declaration that appellants are violating the Agreement through "unauthorized exploitation of the [b]ook." Specifically, appellants' intention to develop a "television series, miniseries or television movie" violates the Agreement. Appellee argues that his claims are related to appellants entering into an option contract, and that the option contract does not constitute a communication. However, while appellee does claim that entering into the option contract is a violation of the Agreement, it is clear from his pleadings that his intent is to prevent the exploitation of the book into a televised series. The exploitation is in reference to the development of a series related to the book. Additionally, appellee's original petition also states: "Defendant Perez materially breached the Estate Property Agreement through the unauthorized exploitation of a book entitled "To Selena, with Love," which Books' cover includes a photograph of Selena."

6

The contents of the book relate to appellant Perez's relationship and life with his late wife, Selena. The Texas Supreme Court has noted two types of public figures:

> (1) all-purpose, or general-purpose, public figures, and (2) limited-purpose public figures. General-purpose public figures are those individuals who have achieved such pervasive fame or notoriety that they become public figures for all purposes and in all contexts. Limited-purpose public figures, on the other hand, are only public figures for a limited range of issues surrounding a particular public controversy.

*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (citation omitted) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)). Appellant Perez and Selena were both musicians. Selena was famously well known both nationally and internationally for her music, and as such, is a public figure.

We conclude that appellee's claims relate to a communication concerning a public figure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7)(D). Appellants met their initial burden of showing that appellee's claims were based on, related to, or were in response to appellants' exercise of the right to free speech, such that the TCPA applied to those claims. *See id*. §§ 27.001(3), 27.001(7)(D), 27.005(b)(1). We sustain appellants' first issue to the extent that the trial court denied appellants' motion to dismiss on the basis that it failed to satisfy its burden.

### IV.    PRIMA FACIE CASE

Having determined that appellants carried the initial burden under the TCPA, the burden then shifted to appellee to present clear and specific evidence of a prima facie case for each element of his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). By their second issue, appellants allege that appellee does not meet the standard for a declaratory judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West, Westlaw through 2017 1st C.S.). A declaratory judgment is appropriate when a justiciable

7

controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). But the Declaratory Judgment Act gives a court no power to decide hypothetical or contingent situations or to determine questions not essential to the decision of an actual controversy. *City of Richardson v. Gordon*, 316 S.W.3d 758, 761 (Tex. App.—Dallas 2010, no pet.); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

## A. Do the Pleadings and Evidence Demonstrate a Justiciable Controversy?

Appellants argue that appellee presented no evidence of a justiciable controversy. Specifically, appellants contend that appellee fails to explain how the book or the derivative series are encompassed by the Agreement. If the Agreement does not encompass the activities complained of by appellee, appellants argue there is no controversy. Appellee, however, argues that the controversy is actually whether the option contract to create a series related to the book violates the Agreement. We agree with appellee.

We conclude that appellee adduced clear and specific evidence establishing a prima facie case of the first element of its declaratory judgment claim: a justiciable controversy exists as to the rights and status of the parties with respect to the Agreement and whether the activities of appellants fall within that agreement. Also contained within the pleadings is the counterclaim and third-party petition of appellant Perez. In his petition, appellant Perez, while conceding that he did sign the Agreement, contends that the Agreement is not enforceable because it was signed under duress and was

8

fraudulently induced. From the pleadings it is clear that a controversy exists as to the rights and status of the parties under the alleged Agreement.

When we consider the evidence in a light favorable to the nonmovant, as we are required to do, the evidence is sufficient to support a rational inference that a justiciable controversy about the enforceability and scope of the Agreement exists. *See Lipsky*, 460 S.W.3d at 590 (TCPA nonmovant only required to adduce evidence to support rational inference that allegation of fact is true); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (prima facie case requires only minimum quantum of evidence necessary to support rational inference that allegation of fact is true). We therefore hold that the appellee met his burden to adduce clear and specific evidence that there is a justiciable controversy between the parties. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004); *Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.).

**B.      Will the Requested Declaration Resolve the Controversy?**

In his petition, appellee requests that the trial court determine the enforceability and scope of the Agreement through the declarations sought. Appellants maintain that appellee presented no justiciable controversy; however, they do not contend that, if such a controversy exists, the requested declaratory judgment will not resolve it. The trial court is left to determine whether or not to grant the declaratory relief sought. We conclude that appellee met his burden of adducing clear and specific evidence that the controversy would be resolved by the declarations sought. *See Brooks*, 141 S.W. at 163–64; *see also*

9

*Cosmopolitan Condo. Owners Ass'n v. Class A Inv'rs Post Oak, LP*, No. 01-16-00769-CV, 2017 WL 1520448, at *6 (Tex. App.—Houston [1st Dist.] Apr. 27, 2017, pet. denied).

We overrule appellants' second issue.

## V. VALID DEFENSES

By their third issue, appellants argue that even if appellee had met his statutory burden under the TCPA to prove a prima facie case, the trial court erred by failing to grant its motion to dismiss because it established by a preponderance of the evidence the defenses of waiver and preemption under the federal copyright laws.

Appellants did not raise a preemption argument under the federal copyright laws in their motion to dismiss. Accordingly, they have waived that argument on appeal. *See* TEX. R. APP. P. 33.1.

## A. Waiver

In their original answer, appellants raised, among others, the affirmative defense of waiver, it was also raised in appellants' reply brief and argued at the hearing before the trial court. Additionally, in its order denying appellants' motion to dismiss, the trial court stated that it considered the motion, responses and supplemental response, the reply, and all of the pleadings and evidence presented. *See Levinson Alcoser Associates, L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 493 (Tex. 2017); *see also Urban Engineering v. Salinas Construction Technologies, Ltd.*, No. 13-16-00451-CV, 2017 WL 2289029, at *5, n. 4 (Tex. App.—Corpus Christi 2017, pet. denied) (mem. op.) (holding in an appeal from denial of TCPA motion to dismiss that the appellants preserved for appellate review application of an affirmative defense which had been raised in the pleadings, asserted in the reply, argued in the trial court, and expressly considered by the trial court in its order).

Appellants contend that appellee waived his claim entirely by allowing the publication of the book without taking any action to suggest the book violated the Agreement or exploited the entertainment properties therein. Waiver is the intentional relinquishment of a right actually or constructively known or intentional conduct inconsistent with claiming that right. *Ohrt v. Union Gas Corp.*, 398 S.W.3d 315, 329 (Tex. App.–Corpus Christi 2012, pet. denied); *see Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). The elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual or constructive knowledge of its existence; and (3) the party's actual intent to relinquish the right or intentional conduct inconsistent with the right. *Ohrt*, 398 S.W.3d at 329 (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 602–03 (Tex. 2008) (Johnson, J., concurring in part and dissenting in part)). Waiver is largely a matter of intent, and for waiver to be implied through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 393 (Tex. 2014); *Jernigan*, 111 S.W.3d at 156. Silence or inaction, for so long a period as to clearly show an intention to yield the known right, is also enough to prove waiver. *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996); *see also Bruno Indep. Living Aids v. Yzaguirre*, No. 13-15-00408-CV, 2016 WL 9000744, at *4 (Tex. App.—Corpus Christi Mar. 31, 2016, no pet.) (mem. op.).

In this case, the first two elements of waiver are self-evident, given the nature of the case. Appellants argue that the third element of intent was met because appellee chose not to assert his rights when appellant Perez wrote and published his book, "To Selena With Love." However, appellants do not provide evidence that appellee intended to waive his rights under the agreement in all regards merely because he allowed for the

11

publication of the book. The mere acquiescence to the publishing of the book here does not "clearly indicate" an intent to waive all claims regarding his rights under the Agreement to prevent production of anything related to or considered a derivative of the book. *See Crosstex Energy*, 430 S.W.3d at 393. Appellants did not meet their burden of establishing each element of their affirmative defense of waiver by a preponderance of the evidence. *See Deuell*, 508 S.W.3d at 684; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

We overrule appellants' third issue.

## VI. EVIDENTIARY RULINGS

In their fourth issue, appellants contend the trial court erred in denying their evidentiary objections to appellee's affidavits. Appellants argue that the affidavits relied upon by appellee in his response to the motion to dismiss were "baseless opinion testimony" that should have been disregarded. However, appellants do not provide the objections they are challenging. Rather, appellants conclude, without discussion or analysis, that the affidavits are baseless opinion testimony. These conclusory statements unsupported by relevant legal citations do not comply with appellate briefing requirements. *See* TEX. R. APP. P. 38.1(i). Because these issues are inadequately briefed, they are waived. *See Bolling v. Farmers Brand Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

We overrule appellants' fourth issue.

## VII. ATTORNEY'S FEES AND EXPENSES

In their fifth issue, appellants argue that they should have been awarded attorney's fees and expenses. However, having concluded that the trial court's order shall be affirmed, appellants are not entitled to such an award.

12

We overrule appellants' fifth issue.

## VIII.  CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed the
29th day of November, 2018.