**Dissenting Opinion Filed August 28, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01227-CV

### GREG GUTMAN, Appellant
### V.
### RICHARD WAYNE WELLS AND
### REAL ESTATE ARBITRAGE PARTNERS, LLC, Appellees

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-06158**

## DISSENTING OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Dissenting Opinion by Justice Partida-Kipness

I withdraw my prior dissent, and respectfully dissent to the new opinion issued today. The claims made by Greg Gutman do not fall within the parameters of the Declaratory Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011. The declaratory relief sought by Gutman will not terminate the controversy or remove an uncertainty. *See id.* § 37.003(c); *see also Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex. 1995) ("[a] trial court has discretion to enter a declaratory judgment so long as it will serve a useful purpose or will terminate the controversy between the parties."); *City of Richardson v. Gordon*, 316 S.W.3d 758, 761 (Tex. App.—Dallas 2010, no pet.) (a declaratory judgment action does not give a court jurisdiction "to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication.") (internal

citations omitted). As all parties concede, there was nothing at issue about the lower court's decision in the previous case, and the parties agree no judgment was entered against Wells in the previous case. There is, thus, no uncertainty to resolve. Further, a fair reading of Gutman's petition, and the majority's characterization of it, shows his claims are for civil harassment and, to the extent such a cause of action exists, sound in tort. *See Tort,* BLACK'S LAW DICTIONARY (11th ed. 2019) (tort is "[a] civil wrong . . . for which a remedy may be obtained, usually in the form of damages."). Any declaration regarding the parties' rights to seek, or duties to provide, a release of judgment would, therefore, not terminate the controversy.

Under no circumstances is this a proper declaratory judgment action, and I do not agree with the majority's expansion of the statute. The trial court properly dismissed Gutman's action pursuant to rule 91a. *See* TEX. R. CIV. P. 91a. Accordingly, I would affirm the trial court's dismissal.

/Robbie Partida-Kipness
ROBBIE PARTIDA-KIPNESS
JUSTICE

181227DF.P05