**LEVINSON ALCOSER ASSOCIATES, L.P. and Levinson Associates, Inc., Petitioners,**

v.

**EL PISTOLÓN II, LTD., Respondent**

**No. 15–0232**

Supreme Court of Texas.

Argued November 7, 2016

Opinion delivered: February 24, 2017

Rehearing Overruled April 21, 2017

Boris A. Hidalgo, Thompson & Knight LLP, Houston TX, Edmundo O. Ramirez, Ellis Koeneke & Ramirez, L.L.P., McAllen TX, Richard B. Phillips, Jr., Thompson & Knight LLP, Dallas TX, for Petitioners.

Charles Randall 'Chad' Flores, Parth S. Gejji, Russell S. Post, Beck Redden, LLP, Cory D. Itkin, Jason A. Itkin, Micajah Daniel Boatright, Noah Michael Wexler, Arnold & Itkin, LLP, Houston TX, Gilberto Hinojosa, Law Offices of Gilberto Hinojosa & Associates, P.C., Brownsville TX, for Respondent.

Justice Devine delivered the opinion of the Court, in which Chief Justice Hecht, Justice Green, Justice Johnson, Justice Willett, Justice Guzman, Justice Lehrmann, and Justice Boyd joined.

John P. Devine, Justice

This is an interlocutory appeal from an order denying a motion to dismiss under Chapter 150 of the Civil Practice and Remedies Code, the statute that applies to suits against architects, engineers, surveyors, and landscape architects. TEX. CIV. PRAC. & REM. CODE § 150.001(1–a). The chapter generally requires that a sworn "certificate of merit" accompany a plaintiff's complaint in any case "arising out of the provision of professional services by a licensed or registered professional" named in the statute. *Id.* § 150.002(a). The certificate or affidavit must be from a similarly licensed professional, who meets certain qualifications and attests to the merit of the underlying claim. *Id.* § 150.002(a), (b). If the plaintiff fails to file a compliant certificate of merit,

the statute directs dismissal of the complaint. *Id.* § 150.002(e).

A certificate of merit was filed with the complaint in this case, but the defendant architects contend that it failed to comply with the statute's requirements and was thus a nullity. The court of appeals disagreed. It concluded, as did the trial court, that the certificate was sufficient for the plaintiff's negligence claim to proceed. 500 S.W.3d 431, 436 (Tex. App.–Corpus Christi–Edinburg 2015). Because neither the affidavit nor record here confirms that the affiant possessed the requisite knowledge to issue the certificate of merit, we reverse.

I

The lawsuit concerns a commercial retail project constructed on land owned by El Pistolón II, Ltd. in McAllen, Texas. El Pistolón hired Levinson Alcoser Associates, L.P. and Levinson Associates, Inc. (the "architects") to design the project and oversee construction. Disappointed with the architects' services, El Pistolón sued, alleging breach of contract and negligence in the project's design and development. Gary Payne, a third-party licensed architect, provided El Pistolón an affidavit stating his professional opinion about the architects' work. El Pistolón filed Payne's affidavit with its original petition.

The architects nevertheless moved to dismiss El Pistolón's suit, objecting that Payne's affidavit did not meet the requirements for a certificate of merit. The certificate-of-merit statute provides, among other things, that the affiant should be "knowledgeable in the (defendant's) area of practice" and that the affidavit should set forth the professional's negligence or other wrongdoing and its "factual basis." TEX. CIV. PRAC. & REM. CODE § 150.002(a)–(b). The architects complained in the trial court that Payne's affidavit satisfied nei-

ther the statute's knowledge or factual-basis requirements. The trial court denied the motion to dismiss, and the architects appealed. *See id.* § 150.002(f) (authorizing interlocutory appeals).

The court of appeals affirmed the trial court's order in part, reversed it in part, and remanded the case to the trial court. 500 S.W.3d at 438. The court affirmed the order denying dismissal of El Pistolón's negligence claim, concluding that Payne's affidavit satisfied both the statute's knowledge and factual-basis requirements as to that claim. *Id.* at 436–38. But the court reversed the order as to the contract claim, concluding that Payne's affidavit was deficient as to that claim. *Id.* at 438. The appellate court then remanded for the trial court to determine whether the contract claim should be dismissed with or without prejudice. *See id.* (citing TEX. CIV. PRAC. & REM. CODE § 150.002(e), providing that the dismissal for failure to file a compliant certificate of merit may be with prejudice). The court of appeals' decision was accordingly adverse to both parties in part. The architects have appealed that decision; El Pistolón has not. Thus, this appeal does not concern the contract claim. The question here is whether Payne's affidavit was sufficient under the statute to support El Pistolón's negligence claim.

## II

■ But before we consider that question, there is the matter of our own jurisdiction over the appeal. The statute provides for an interlocutory appeal, TEX. CIV. PRAC. & REM. CODE § 150.002(f), but our jurisdiction does not ordinarily extend to such appeals. TEX. GOV'T CODE § 22.225(b)(3). Exceptions exist, however. For example, we have jurisdiction over an interlocutory appeal when the appellate decision under review conflicts with a prior case, that is, when "the court[ ] of appeals

holds differently from a prior decision of another court of appeals or of the supreme court." *Id.* § 22.225(c). Moreover, the Legislature has determined that a sufficient conflict exists for purposes of our jurisdiction "when there is inconsistency in [the] respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants." *Id.* § 22.225 (e); *see Coyote Lake Ranch, LLC v. City of Lubbock,* 498 S.W.3d 53, 58 n.12 (Tex. 2016) (noting that the Legislature rejected the Court's previously more restricted view of "conflicts jurisdiction" by adding this definition in 2003).

The architects argue that such a conflict exists with *Dunham Engineering, Inc. v. Sherwin–Williams Co.,* 404 S.W.3d 785 (Tex. App.–Houston [14th Dist.] 2013, no pet.). In that case, a municipality hired Dunham to design and produce engineering plans and specifications for a public works project. *Id.* at 788. Dunham's plans specified that paint products from a particular company should be used. *Id.* Sherwin–Williams requested that its products also be specified for use on the project, but Dunham refused because it considered them to be inferior. *Id.* Sherwin–Williams thereafter sued Dunham, alleging counts of intentional interference with prospective business relationships, business disparagement, and product disparagement, attaching to its original petition an affidavit from James O'Connor, a licensed professional civil engineer and engineering professor at the University of Texas at Austin. *Id.*

In his affidavit, O'Connor stated that he was familiar with the legal requirements and industry customs regarding competitive bidding on Texas public works projects. *Id.* Based on his review of Dunham's plan specifications, O'Connor concluded that the project required competitive bidding but that Dunham's specification on paint products was a closed or sole-source

specification. *Id.* He further concluded that Dunham's paint specification violated both Dunham's duty under the Texas Board of Professional Engineers' rules and Texas law by not allowing for open competition. *Id.*

Dunham moved to dismiss the suit on the ground that O'Connor had failed to demonstrate his knowledge of Dunham's practice area. *Id.* at 789. The court of appeals disagreed, concluding that the trial court had not abused its discretion in denying Dunham's motion to dismiss on this ground. *Id.* at 795. O'Connor's affidavit indicated that he held a Ph.D. in civil engineering, was licensed by the State of Texas as a professional engineer with the designation of "civil," and currently served as a professor in project management within the civil, architectural, and environmental engineering department at the University of Texas. *Id.* O'Connor further averred that he was familiar with both the legal requirements and industry customs regarding competitive bidding on public works projects, particularly in the State of Texas, through his practice, research, and teaching in the state. *Id.* On this record, the appellate court concluded the trial court could have reasonably inferred that O'Connor was knowledgeable in the relevant area of practice, as required by section 150.002(a)(3). *Id.*

In contrast, the court of appeals here concluded that the requisite knowledge could be inferred simply from the expert's status as a similarly licensed professional because "the statute merely requires that the expert be knowledgeable in the defendant's general area of practice." 500 S.W.3d at 436. Unlike *Dunham*, the court found an averment or other evidence regarding the expert's familiarity with, or knowledge of, the practice area at issue unnecessary. This inconsistency is sufficient for our jurisdictional purposes. *See*

TEX. GOV'T CODE § 22.225(e). We turn then to the conditions and requirements the statute imposes on suits against certain design professionals such as the architects in this case.

## III

The statute provides that a sworn certificate of merit must accompany the plaintiff's complaint in any case "arising out of the provision of professional services by a licensed or registered professional" named in the statute. TEX. CIV. PRAC. & REM. CODE § 150.002(a). The sworn certificate or affidavit must be by a similarly licensed or registered professional capable of attesting to any professional errors or omissions forming the basis of the suit. *Id.* The statute describes the affiant's qualifications and what the affidavit should include. *Id.* § 150.002(a)–(b). The affidavit is generally a prerequisite to the suit going forward, and the failure to file it contemporaneously with the complaint will ordinarily result in dismissal. *See id.* § 150.002(a), (e); *but see id.* § 150.002(c).

■ The architects contend that the lower courts erred in not dismissing El Pistolón's negligence claim because Payne's affidavit did not meet the requirements for a certificate of merit. They argue the affidavit was insufficient because (1) Payne was not properly qualified under the statute to give a professional opinion and (2) his professional opinion failed to supply the "factual basis" for the underlying claims as the statute requires. *See id.* § 150.002(a)–(b). We turn to the issue of Payne's qualifications because it is dispositive of the appeal.

The statute identifies those who are qualified to render a certificate of merit. It provides that the sworn certificate or affidavit must come from a third-party professional who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) *is knowledgeable in the area of practice of the defendant* and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

*Id.* § 150.002(a)(emphasis added). The statute also provides that the third-party expert must be "licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying." *Id.* § 150.002(b). The certificate of merit must thus come from a competent third-party expert who meets the statutory qualifications, which are that the expert (1) hold the same professional license or registration as the defendant, (2) be licensed or registered in this state, (3) be actively engaged in the practice, and (4) be knowledgeable in the defendant's area of practice. *Id.* § 150.002(a)–(b).

Payne's affidavit includes the following information about his competency and qualifications:

1. My name is Gary Payne. I am a professional architect who is registered to practice in the State of Texas, license number 11655. I have been a registered architect in Texas since 1980, and have an active architecture practice in the State of Texas today.

2. I am over the age of eighteen years, have never been convicted of a felony or crime of moral turpitude, and am otherwise competent to make this affidavit. I have personal knowledge of the facts contained in this affidavit. Those facts are true and correct.

While the affidavit provides some of the relevant information, the architects point out that it does not provide any information about Payne's knowledge of their area of practice as section 150.002(a)(3) requires.

El Pistolón responds that Payne's affidavit demonstrates the requisite knowledge, but that the architects waived the complaint in any event by failing properly to raise it in the trial court. The court of appeals did not agree. 500 S.W.3d at 434. The court observed that the architects questioned Payne's knowledge of their area of practice both in written pleadings before the hearing and again at the hearing on the motion to dismiss where defense counsel "argued that Payne failed to state that he is knowledgeable in Levinson's area of practice." *Id.* We agree with the court of appeals that the issue of Payne's knowledge of the architects' area of practice was presented to the trial court and preserved for review.

After urging waiver, El Pistolón next argues about what the certificate of merit did not need to include. For example, El Pistolón submits that Payne did not have to be engaged in the same area of practice as the defendants to be qualified to give his opinion. Although the certificate-of-merit statute at one time provided that the expert had to be "competent to testify and *practicing in the same area of practice as the defendant,*" the highlighted language was amended in 2009 to provide that the expert was instead to be "knowledgeable in the area of practice of the defendant." *Compare* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97 (emphasis added) *with* Act of June 19, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen Laws 1991, 1992 (codified at Tex. Civ. Prac. & Rem. Code § 150.002(a)(3)). Because the 2009 version of the statute applies in this case, we agree that the third-party expert did not have to be actively engaged in the practice area at

issue to be knowledgeable and qualified to render an opinion under the statute.

El Pistolón next argues that the expert's knowledge of the practice area does not have to be expressed in the affidavit itself but may be inferred from other record sources. El Pistolón submits that the majority of Texas courts to consider the question have concluded that "while the affiant must be knowledgeable in the area of practice of the defendant, he need not explicitly establish such knowledge on the face of the certificate of merit." *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 345 (Tex. App.–Houston [1st Dist.] 2013, pet. denied); *accord Dunham Eng'g, Inc.*, 404 S.W.3d at 794–95; *M–E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App.–Austin 2012, pet. denied); *Hardy v. Matter*, 350 S.W.3d 329, 333 (Tex. App.–San Antonio 2011, pet. dism'd).

The court of appeals here agreed that the trial court was free to infer Payne's knowledge from sources other than his affidavit and that his certificate of merit was not deficient merely because it failed to show on its face that Payne was knowledgeable of the architects' area of practice. 500 S.W.3d at 435. The court of appeals' opinion, however, does not identify a source for such an inference other than Payne's affidavit. Nor does El Pistolón refer us to anything in the record from which to infer Payne's knowledge or background in the design of shopping centers or other similar commercial construction. Indeed, all that we know about Payne's architectural qualifications and experience is that provided in his affidavit, which does not describe any familiarity with, or knowledge of, defendants' area of practice.

El Pistolón nevertheless argues that we may infer the requisite knowledge and thus Payne's qualifications to render a certificate of merit from Payne's averment that he maintains "an active architecture practice in the State of Texas today." According to El Pistolón, "Payne proved knowledge by showing that he actually used his licensure recently (which not all people do)." The argument assumes that the statute's knowledge requirement is coextensive with its licensure and active-practice requirements. The court of appeals suggested something similar, interpreting the statute's knowledge requirement as simply a recognition of the various design professionals included under the statute. *See* 500 S.W.3d at 436 (noting that "the statute merely requires that the expert be knowledgeable in the defendant's general area of practice, which includes architecture, engineering, landscape architecture, or land surveying"). To test the reasonableness of this construction, we must examine the statute's text.

We review matters of statutory construction de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In construing statutes, our objective is to give effect to the Legislature's intent that we glean from the text, when possible. *Id.* In divining that intent, we further "presume the Legislature chose statutory language deliberately and purposefully." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014). We endeavor to interpret each word, phrase, and clause in a manner that gives meaning to them all. *PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 556 (Tex. 2015). We accordingly read statutes as a whole so as to render no part inconsistent, superfluous, or devoid of meaning. *Id.*

As noted, the certificate-of-merit statute imposes several requirements to qualify the third-party expert. The expert must "hold[ ] the same professional license or registration as the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(a)(2). The expert must be "licensed or registered in this state and actively engaged in the prac-

tice of architecture, engineering, or surveying." *Id.* § 150.002(b). And the expert must be "knowledgeable in the area of practice of the defendant." *Id.* § 150.002(a)(3). Neither El Pistolón nor the court of appeals attributes any independent meaning to the phrase "knowledgeable in the area of practice of the defendant." *Id.* El Pistolón's argument conflates the statute's knowledge and active-practice requirements, while the court of appeals' interpretation conflates the knowledge requirement with the requirement that the third-party expert hold the same professional license or registration as the defendant. *See id.* § 150.002(a)(2), (3), (b) (stating these requirements). Acceptance of either interpretation renders the knowledge requirement superfluous, contrary to our principles of statutory construction. *PlainsCapital Bank*, 459 S.W.3d at 556.

We conclude then that the statute's knowledge requirement is not synonymous with the expert's licensure or active engagement in the practice; it requires some additional explication or evidence reflecting the expert's familiarity or experience with the practice area at issue in the litigation. Here, we have no such evidence. Although we generally agree that such knowledge may be inferred from record sources other than the expert's affidavit, here the affidavit is all we have of Payne's qualifications. Because nothing exists in Payne's affidavit from which to draw an inference that Payne possessed knowledge of the defendants' area of practice beyond the generalized knowledge associated with holding the same license, we conclude that Payne has not shown himself qualified to render the certificate of merit. And, because the certificate-of-merit statute requires dismissal when the plaintiff fails to file a compliant affidavit, TEX. CIV. PRAC. & REM. CODE § 150.002(e), we conclude the

court of appeals erred in affirming the trial court's order denying the motion to dismiss.

The concurring opinion suggests that the Court imposes a condition not contemplated by the statute by requiring there to be some evidence of the expert's knowledge in the practice area at issue. *Post* at 495 (Brown, J. concurring). The concurrence states that the statute's plain text does not require that the expert's qualifications be included in the certificate of merit or that a curriculum vitae be attached thereto, and we agree. *Id.* But the concurrence goes further, stating that evidence of the expert's requisite knowledge need not appear elsewhere in the record. *See id.* ("The plain text of the statute simply does not require ... that the record contain any other extrinsic evidence from which to draw the inference that the affiant was knowledgeable in the area of practice."). With that we disagree because the statute requires such knowledge. And if this information is not included in the certificate of merit, it must be available somewhere else in the record. A trial court cannot assume or infer that an expert knows something about the defendants' area of practice unless there is some evidence to suggest that he does.

### III

El Pistolón finally entreats us to remand the case in the interests of justice, if we are otherwise inclined to reverse the court of appeals' judgment. El Pistolón speculates that any opinion in the case "is virtually certain to constitute a prototypical case for [such] a remand" because it will involve "the clarification of uncertain law and the overruling of precedent that litigants had every reason to view as reliable." Our opinion, however, does neither. We merely conclude that the statute sets out several related but distinct qualifica-

tions a third-party expert must possess to render a certificate of merit and that this record fails as a matter of law to demonstrate that the expert met one of the required qualifications. *See, e.g., Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*, 471 S.W.3d 577, 583–84 (Tex. App.–Dallas 2015, no pet.) (concluding that affidavit was not a sufficient certificate of merit because there was "no evidence that [expert was] knowledgeable in [defendant's] area of practice, as required by § 150.002(a)(3)").

\* \* \*

The certificate-of-merit statute provides that the plaintiff's "complaint against the defendant ... shall result in dismissal" if the plaintiff fails "to file the affidavit in accordance with this section." Tex. Civ. Prac. & Rem. Code § 150.002(e). The section requires, among other things, that the licensed or registered professional providing the affidavit be "knowledgeable in the area of practice of the defendant." *Id.* § 150.002(a)(3). The record here fails to demonstrate such knowledge (either in the affidavit or elsewhere), and thus the affidavit is non-compliant; it was not filed "in accordance with this section." *Id.* § 150.002(e). The motion to dismiss should therefore have been sustained, and the trial and appellate courts erred in ruling otherwise. The court of appeals' judgment is accordingly reversed, and the cause is remanded to the trial court to determine whether the dismissal mandated here shall be with or without prejudice. *See id.* (providing that the "dismissal may be with prejudice").

Justice Brown filed a concurring opinion.

Justice Brown, concurring.

Though the Court is correct to reverse the court of appeals and render judgment

for Levinson, I cannot join its opinion. El Pistolón's certificate of merit, an affidavit sworn out by architect Gary Payne, is deficient because it is conclusory. A certificate of merit must set forth "the factual basis" for each claim of professional liability. Tex. Civ. Prac. & Rem. Code § 150.002(b). But Payne's affidavit is devoid of substance. Its text could be copied and pasted into any certificate of merit without regard to the particular facts of the case.

The Court does not base its decision on the certificate's conclusory nature. Instead, the Court renders judgment for Levinson because the record lacks proof of Payne's "knowledge in the area of practice." Ante at 495. The Court holds that "the statute's knowledge requirement ... requires some additional explication or evidence reflecting the expert's familiarity or experience with the practice area at issue in the litigation." Ante at 494. But the text of Chapter 150 contains no such requirement. I agree with those courts of appeals that have noted the statute's silence "as to how and when the third-party architect's qualifications must be established." *Hardy v. Matter*, 350 S.W.3d 329, 333 (Tex. App.–San Antonio 2011, pet. dism'd). "Chapter 150 requires only that a licensed professional, practicing in the same area of expertise as the defendant, provide a sworn written statement certifying that the defendant's actions were negligent or erroneous and stating the factual basis for this opinion." *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 346 (Tex. App.–Houston [1st Dist.] 2013, pet. denied); *see also Dunham Eng'g, Inc. v. Sherwin–Williams Co.*, 404 S.W.3d 785, 794–95 (Tex. App.–Houston [14th Dist.] 2013, no pet.) ("Moreover, the statute does not require the affiant explicitly establish or address that he is 'knowledgeable in the area of practice of the defendant' on the face of

the certificate."). "Indeed, section 150.002 'imposes no particular requirements or limitations as to how the trial court ascertains whether the affiant possesses the requisite knowledge.'" *Dunham Eng'g*, 404 S.W.3d at 795 (quoting *M–E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App.–Austin 2012, pet. denied)).

The majority correctly states that we should presume the Legislature "deliberately and purposefully" chooses the words it uses. Ante at 493. This highlights the difference between subsections (a) and (b) of Chapter 150.002. Subsection (a) requires that the licensed professional submitting the certificate "is knowledgeable" in certain areas; subsection (b) explicitly directs that the negligence and accompanying factual basis "shall [be] set forth specifically" in the affidavit. TEX. CIV. PRAC. & REM. CODE § 150.002 (a)–(b). The plain text of the statute simply does not require that a curriculum vitae be attached to the certificate, that the certificate lay out the affiant's qualifications, or even that the record contain any other extrinsic evidence from which to draw the inference that the affiant was knowledgeable in the area of practice.

The statute requires that the affiant have certain qualifications. But it does not set forth a method for the trial court to determine whether he actually does. Rather than create a scheme on behalf of the Legislature and conclude that the trial court abused its discretion by not employing such a scheme, I would dispose of the case on other grounds. Regardless of whether the affiant in this case possesses the requisite qualifications, his certificate is conclusory. I would render judgment for Levinson on that basis alone.

Rehearing Overruled April 21, 2017