

# NUMBER 13-20-00377-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO POLICY NO. NAJL05000016-H87,
AS SUBROGEE OF MOMENTUM
HOSPITALITY, INC. & 75 AND
SUNNY HOSPITALITY
D/B/A FAIRFIELD INN & SUITES,                                    Appellant,

v.

D'AMATO CONVERSANO, INC.
D/B/A DCI ENGINEERS,                                              Appellee.

## On appeal from the 343rd District Court
of Aransas County, Texas.

# DISSENTING OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Dissenting Opinion by Justice Tijerina

I respectfully dissent because I would conclude that Coffman's affidavit does not

satisfy § 150.002(a)(3), and I would affirm the trial court's judgment dismissing Underwriters's claims against DCI with prejudice. I agree with the remainder of the majority's opinion.

In analyzing whether an expert report is sufficient, we must not just determine the general area of practice of the defendant. *See Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 494 (Tex. 2017) (*Levinson II*). Instead, we must ascertain the "practice area at issue in the litigation." *See id.* In addition, the expert's area of practice "is not synonymous with the expert's licensure or active engagement in the practice," and the knowledge factor requires that "some additional explication or evidence" reflects the expert's "familiarity or experience with the practice area at issue in the litigation." *See id.* "The certificate of merit therefore must come from a competent and qualified third-party engineer who can attest to the factual basis of the plaintiff's underlying complaint." *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 890 (Tex. 2017).

Here, it is undisputed that DCI is a structural engineering firm, and Coffman is not a structural engineer. Coffman states that he is a civil engineer that is actively engaged in the practice of forensic engineering which is limited to *various components* of structural engineering. As Coffman has limited his practice area to various components of structural engineering, I would conclude that his practice does not include all areas of structural engineering.

As such, Coffman's affidavit required some additional explication or evidence reflecting his familiarity or experience with the specific structural engineering complaints made by Underwriters, *see Levinson II*, 513 S.W.3d at 494, and some evidence or

statement showing that he can attest to the factual basis of Underwriters's underlying complaints. *See Melden & Hunt, Inc.*, 520 S.W.3d at 890. However, Coffman does not specifically state which components of structural engineering that his practice includes, and he does not state that as a forensic engineer, his practice includes experience with the structural engineering complaints made by Underwriters.

Underwriters specifically complained of DCI's: (1) construction and/or design of the Hotel; (2) hiring, delegation, and/or supervision of qualified contractors and subcontractors to design and/or construct the Hotel; and (3) failure to discover "incorrectly designed and/or constructed structures within the Hotel." Coffman does not state that his practice includes any of these structural engineering tasks. Moreover, Coffman acknowledges that his experience of structural engineering occurred in the past. He states that "in the past [he has] performed structural engineering designs for commercial structures, similar to the subject property, as well as residential structures" and that in the past he "engaged in the same areas of practice as engineers employed by DCI." It is unclear whether Coffman's practice currently includes DCI's area of practice as set out by Underwriters. Therefore, I would conclude that Coffman's affidavit does not provide evidence reflecting his familiarity or experience with the practice area at issue in this litigation. *Id.* I would overrule Underwriters' issue as it relates to DCI.

JAIME TIJERINA
Justice

Delivered and filed on the
23rd day of September, 2021.

3