**Affirmed and Memorandum Opinion filed November 30, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00657-CV

## ERIC L. DAVIS ENGINEERING, INC., AND KENNETH L. DOUGLASS, Appellants

## V.

## MARK HEGEMEYER AND MELISSA HEGEMEYER, Appellees

### On Appeal from the 506th Judicial District Court
### Waller County, Texas
### Trial Court Cause No. CV22-06-0477

### MEMORANDUM OPINION

In this interlocutory appeal, appellants Eric L. Davis Engineering, Inc. ("Davis") and Kenneth L. Douglass ("Douglass") appeal the trial court's denial of their motion to dismiss in the lawsuit filed by appellees Mark Hegemeyer and Melissa Hegemeyer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f) (authorizing interlocutory appeal of an order denying a motion to dismiss under § 150.002). In three issues we treat as one, appellants argue the trial court erred in

denying their motion to dismiss. We affirm.

## I. BACKGROUND

On June 3, 2022, the Hegemeyers filed suit against Bradley Signature Homes, LLC; Davis; Douglass; Builders Post-Tension, Inc.; and Bonded Builders Warranty Group for problems associated with the foundation of a house the Hegemeyers purchased. Along with their petition, the Hegemeyers filed a certificate of merit—an affidavit authored by Sam Vacek ("Vacek") explaining why the Hegemeyers' claims against appellants were not frivolous—as required in suits arising out of the provision of professional services by a licensed or registered professional.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f); *see also Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 491 (Tex. 2017) ("The [certificate of merit] is generally a prerequisite to the suit going forward, and the failure to file it contemporaneously with the complaint will ordinarily result in dismissal.").

On July 19, 2022, appellants filed a motion to dismiss the Hegemeyers' claims with prejudice, arguing that the certificate of merit did not establish that Vacek practiced in appellants' area of practice and that the Hegemeyers' failed to comply with the statute. The Hegemeyers filed a response, attaching a copy of the certificate of a merit and a copy of Vacek's curriculum vitae ("CV").

On August 15, 2022, the trial court held a hearing on appellants' motion to dismiss. Appellants argued that the Hegemeyers did not comply with the certificate of merit requirement because the affidavit did not establish that Vacek practiced in

---

[1] "Licensed or registered professional" means a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity. Tex. Civ. Prac. & Rem. Code Ann. § 150.001.

appellants' area of practice at issue in the litigation—designing residential home foundations. The trial court heard testimony from Vacek on his experience and qualifications.

On August 19, 2022, the trial court denied appellants' motion. This interlocutory appeal followed.

## II. DISCUSSION

In their sole issue, appellants argue that the trial court erred when it denied their motion to dismiss because (1) Vacek's knowledge and qualifications were not sufficiently shown at the time the lawsuit and certificate of merit were filed, (2) the trial court could only consider the evidence and documents filed contemporaneously with the petition in determining whether Vacek was qualified under the statute, and (3) the Hegemeyers failed to show that Vacek practiced in the same area of practice as appellants.

### A. STANDARD OF REVIEW

We review a trial court's order on a motion to dismiss under § 150.002 for an abuse of discretion. *Zachry Eng'g Corp. v. Encina Dev. Grp.*, 672 S.W.3d 534, 537–38 (Tex. App.—Houston [14th Dist.] 2023, pet. filed); *CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, 403 S.W.3d 339, 342 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### B. APPLICABLE LAW

Texas Civil Practice and Remedies Code § 150.002, titled "Certificate of Merit," provides in relevant part:

(a) In any action or arbitration proceeding for damages arising out of

3

the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

>（1) is competent to testify;

>（2) holds the same professional license or registration as the defendant; and

>（3) practices in the area of practice of the defendant and offers testimony based on the person's:

>>(A) knowledge;

>>(B) skill;

>>(C) experience;

>>(D) education;

>>(E) training; and

>>(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

. . . .

(e) A claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)–(b), (e); *see also LaLonde v. Gosnell*, 593 S.W.3d 212, 216 (Tex. 2019) ("The certificate-of-merit requirement is a substantive hurdle that helps ensure frivolous claims are expeditiously

4

discharged."). Failure to file a certificate of merit with the original petition cannot be cured by amendment. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014).

## C. ANALYSIS

Appellants argue that Vacek's certificate of merit does not show that he practices in the same area of practice at issue in this litigation and that the trial court determined that Vacek practiced in the area at issue by improperly considering his CV and his testimony. Appellants further challenge the trial court's consideration of that evidence on the bases that (1) the statute requires Vacek's affidavit to set forth his experience[2] and (2) the trial court is not allowed to consider evidence of such qualifications unless the evidence is filed contemporaneously with the lawsuit and the certificate of merit. Based on these arguments, appellants argue their motion to dismiss should have been granted.

However, we need not address all of appellants' arguments because we conclude, as discussed below, that Vacek's certificate of merit complied with the statute. Appellants argue that the trial court erred in denying their motion to dismiss because the certificate of merit failed to demonstrate Vacek actively practiced in appellants' area of practice in relation to the work appellants performed on the Hegemeyers' home.

Chapter 150 requires a certificate of merit to come from a competent third-party expert who "practices in the area of practice of the defendant" and who is

---

[2] Specifically, appellants argue that the statute does not allow a party to supplement filings to the affidavit. The Supreme Court of Texas has noted that "[t]he statute does not expressly require that the expert's qualifications appear in the affidavit itself," while recognizing "the affidavit is a reasonable place to provide this information . . . ." *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 891–92 (Tex. 2017). Further, the Supreme Court stated that the expert's knowledge "may be inferred from record sources other than the expert's affidavit . . . ." *Levinson Acloser Assocs.*, 513 S.W.3d at 494.

"actively engaged in the practice of architecture, engineering, or surveying." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(3). The "area of practice" has been interpreted as the practice area at issue in the litigation. *Levinson Alcoser Assocs., L.P.*, 513 S.W.3d at 494; *T&T Eng'g Servs., Inc. v. Danks*, No. 01-21-00139-CV, 2022 WL 3588718, at *4 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.); *see also* Tex. Occ. Code Ann. § 1001.003(b)–(c) (defining the practice of engineering). We review the plaintiff's petition and other relevant documents in the record to ascertain the practice area at issue in the litigation. *T&T Eng'g Servs., Inc.*, 2022 WL 3588718, at *4; *see Gaertner v. Langhoff*, 509 S.W.3d 392, 396 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (looking to contract in determining area of practice of the defendant); *see, e.g.*, *Jacobs Field Servs. N. Am., Inc. v. Willeford*, No. 01-17-00551-CV, 2018 WL 3029060, at *8–9 (Tex. App.— Houston [1st Dist.] June 19, 2018, no pet.) (mem. op.) (considering allegations in the petition, contractual scope of the work, and affidavit testimony from individual with knowledge of the defendant in determining area of practice of defendant).

In their petition, the Hegemeyers allege that Davis was retained "to design and engineer the Home," that Douglass "drew the plans for this home," and that "[b]ased on the house design as supplied by Davis/Douglass, [the home builder] hired and contracted with BPT to install post-tension cables as part of the foundation of the home." The petition further complained of structural damage to the home resulting from a faulty foundation designed by appellants. *See T&T Eng'g Servs., Inc.*, 2022 WL 3588718, at *4. Vacek's certificate of merit states that his affidavit was prepared "with respect to the professional engineering services . . . rendered on design and construction documents in connection with the design and construction of" the Hegemeyers' home. Finally, Davis's contract for the work performed on the home states that the engineering services are for "foundation design."

6

Reviewing the Hegemeyers' petition, Vacek's certificate of merit, and the homebuilder's contract with Davis, *see Danks*, 2022 WL 3588718, at \*4–6, we conclude that these documents address appellants' structural engineering work concerning the design of a residential foundation. *See id.*; *Jacobs Field Servs. N. Am., Inc.*, 2018 WL 3029060, at \*8–9; *see, e.g.*, *Certain Underwriters at Lloyd's of London Subscribing to Policy No. NAJL05000016-H87 v. Mayse & Assocs., Inc.*, 635 S.W.3d 276, 289 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied).[3]

Appellants argue that Vacek's affidavit is vague and does not specifically state that he designs residential post-tension foundations. In his affidavit, Vacek asserts that he is a professional engineer licensed in Texas, that his qualifications include a specialty in structural engineering, and that he has "been working as a professional engineer and consultant in the profession since 1977 and continue[s] to do so." Vacek further states:

> I am currently the principal of Vacek, LLC (formerly Vacek Group, LLC), where I am responsible for and routinely perform design and failure analysis of structures and their individual components, evaluate structures for problems and conditions, specify testing of structural building elements, and recommend and design repairs for damaged or inadequate structures. My experience includes performing such work on single family and multi-family residences, commercial office buildings, historical buildings, industrial complexes, parking garages, bridges, and retaining structures. I have provided forensic investigations and expert witness services for cases including structural failures, explosions, fires, foundation issues, plumbing leaks, moisture analysis of buildings, and construction defects.

Here, Vacek states he designs the individual components of single-family and multi-family residences, which include foundations. He also performs forensic investigations for cases involving foundation issues.

---

[3] The parties agree that the area of practice at issue is residential foundation design.

On this record, the trial court could have reasonably found that Vacek practiced in the same area as appellants. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(3); *Malden & Hunt, Inc.*, 520 S.W.3d at 891. The trial court could have further reasonably found that Vacek is actively engaged in the practice of engineering. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) *Malden & Hunt, Inc.*, 520 S.W.3d at 891. It is further undisputed that Vacek's certificate of merit was filed with the Hegemeyers' original petition. Accordingly, we conclude that the trial court did not abuse its discretion when it denied appellants' motion to dismiss and overrule their sole issue. *See Malden & Hunt, Inc.*, 520 S.W.3d at 891; *T&T Eng'g Servs., Inc.*, 2022 WL 3588718, at \*6 (concluding there was some evidence that expert practiced in the area at issue because the certificate of merit stated the expert's current work includes oil and gas well drillings, including the designing of drilling rigs, and defendant's "area of practice undisputedly includes designing drilling rigs"); *see also Carlson, Brigance & Doering, Inc. v. Compton*, No. 03-19-00954-CV, 2020 WL 7233612, at \*5 (Tex. App.—Austin Dec. 8, 2020, pet. denied) (mem. op.) ("[T]he district court could reasonably understand Rosas to mean that his practice of engineering also involves designing drainage systems for residential areas. The district court could also have considered other parts of the certificate that tend to confirm Rosas's knowledge concerning residential storm design.").

### III. CONCLUSION

We affirm the trial court's order.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

9