

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-25-00046-CV

**BOYNTON WILLIAMS & ASSOCIATES, PLLC**,
Appellant

v.

**DILLEY INDEPENDENT SCHOOL DISTRICT**,
and Gallagher Construction Company, L.P. D/B/A Gallagher Services,
Appellees

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 22-03-00059CVF
Honorable Russell Wilson, Judge Presiding

Opinion by: Velia J. Meza, Justice

Sitting: Irene Rios, Justice
Lori Massey Brissette, Justice
Velia J. Meza, Justice

Delivered and Filed: October 29, 2025

AFFIRMED

Boynton Williams & Associates, PLLC (BWA), an architectural firm, appeals the trial court's denial of its motion to dismiss under Texas Civil Practice and Remedies Code Chapter 150's certificate of merit requirement. Dilley Independent School District sued BWA for negligence in designing a public school. BWA's sole argument on appeal is that Dilley ISD's certificate of merit was prepared by an unqualified architect. We disagree and affirm.

**BACKGROUND**

This case stems from alleged construction defects in a public school. Dilley ISD initially sued its general contractor, Gallagher Construction Company, LP, and subsequently amended its petition to include additional contractors, naming BWA as the architect and alleging both direct and vicarious liability.

BWA moved to dismiss under Chapter 150, which requires plaintiffs to file a certificate of merit when suing licensed professionals. *See* TEX. CIV. PRAC. & REM. CODE § 150.002. The trial court denied BWA's motion. BWA now appeals that interlocutory order. See *id.* § 150.002(f).

The appeal centers on whether Michael Fiebig, the architect who prepared Dilley ISD's certificate of merit, meets statutory qualifications. BWA argues Fiebig is unqualified because he has never performed K-12 school architectural work in Texas. Dilley ISD responds that: (1) the certificate establishes Fiebig's experience with the specific construction defects at issue; (2) Fiebig served as an architect for a school district in connection with building repairs, demonstrating practice in the same area; and (3) designing educational buildings does not constitute a distinct "area of practice" within architectural design.

**DISCUSSION**

Chapter 150 applies to "any action or arbitration proceeding for damages arising out of the provision of professional services" by architects, engineers, land surveyors, and landscape architects, as well as the firms in which they practice. TEX. CIV. PRAC. & REM. CODE §§ 150.001, .002(a). The statute mandates that plaintiffs file a certificate of merit—an affidavit from a third-party professional who is competent to testify, holds the same license or registration as the defendant, and "practices in the defendant's practice area." *Id.* § 150.002(a). The affiant must also

be licensed in Texas and actively engaged in the practice for which they are licensed. *Id.* § 150.002(b).

## 1    Standard of Review

We review rulings on Chapter 150 motions to dismiss for abuse of discretion. *Studio E. Architecture & Interiors, Inc. v. Lehmberg*, 690 S.W.3d 725, 727 (Tex. App.—San Antonio 2024, pet. granted). Under this standard, we construe the statutory language *de novo* and determine if the trial court properly exercised its discretion in applying that construction. *Hardy v. Matter*, 350 S.W.3d 329, 331 (Tex. App.—San Antonio 2011, pet. dism'd).

When the certificate's sufficiency is challenged, we review the affidavit's attestations. *Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 513 S.W.3d 487, 494 (Tex. 2017). However, the whole record may be considered to determine whether the affiant possesses the necessary qualifications under section 150.002(a). *See Hardy*, 350 S.W.3d at 334 (holding that "the statute does not require these qualifications to appear on the face of the affidavit").[1]

## 2    Practice Area Requirement

The central issue is whether Fiebig "practices in the area of practice" of BWA under section 150.002(a)(3). BWA argues that designing K-12 schools constitutes a distinct practice area. Dilley ISD disagrees and alternatively argues that Fiebig nonetheless practices in that area based on his architectural work related to school building repairs. We agree with Dilley ISD that Fiebig meets the practice area requirement.

---

[1] Though not at issue in this appeal, the face of the affidavit must, however, address the lawsuit's "factual basis" under section 150.002(b). *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 892 (Tex. 2017) (citing TEX. CIV. PRAC. & REM. CODE § 150.002(b)).

### 2.1 Statutory Construction and the *Levinson Alcoser* Framework

The current statute requires the affiant to "*practice*[] in the area of practice of the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(a)(3) (emphasis added). However, from 2009 to 2019, the statute instead required the affiant to be "*knowledgeable* in the area of practice of the defendant." *Levinson Alcoser*, 513 S.W.3d at 492 (discussing statutory history) (emphasis added). Prior to the 2009 amendment, the statute required the affiant to "*practic[e]* in the *same* area of practice as the defendant," similar to the current language.[2]

In 2017, the Texas Supreme Court construed the knowledge-version of the statute in *Levinson Alcoser*, requiring "some additional explication or evidence reflecting the expert's familiarity or experience with the practice area at issue in the litigation" beyond merely holding the same license. *Levinson Alcoser*, 513 S.W.3d at 494. The court concluded the affiant in that case was unqualified because the record was devoid of anything "from which to draw an inference [the affiant] possessed knowledge of the defendant's area of practice beyond the generalized knowledge associated with holding the same license." *Id.*[3]

Although the Texas Supreme Court has not interpreted the current version of section 150.002(a)(3), our sister courts have applied *Levinson Alcoser*'s reasoning to conclude that "practice in the area of practice of the defendant" similarly requires additional explanation beyond merely reciting that the affiant holds the same professional license as the defendant. *See, e.g.*, *Certain Underwriters at Lloyd's of London v. Mayse & Assocs., Inc.*, 635 S.W.3d 276, 289 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied) (discussing *Levinson Alcoser*) *and T & T*

---

[2] *Compare* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 Tex. Gen. Laws 847, 896–97 *with* Act of June 19, 2009, 81st Leg., R.S., ch. 789, § 3, 2009 Tex. Gen. Laws 1991, 1992 *and* Act of June 10, 2019, 86th Leg., R.S., ch. 661, § 2, 2019 Tex. Gen. Laws, 1917, 1917 (codified at TEX. CIV. PRAC. & REM. CODE § 150.002(a)(3)).

[3] The supreme court revisited the *Levinson Alcoser* case after remanding with instructions to dismiss. *Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622 (Tex. 2023) (addressing equitable tolling of statute of limitations). All references to *Levinson Alcoser* in this opinion refer to the 2017 case.

*Eng'g Servs., Inc. v. Danks*, No. 01-21-00139-CV, 2022 WL 3588718, at \*4 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.) (same).

In *Natex Corporation v. Paris Independent School District*, an architect-defendant offered an argument that the relevant area of practice was limited to "architectural design of educational facilities." 326 S.W.3d 728, 736 (Tex. App.—Texarkana 2010, pet. dism'd w.o.j.). Our sister court rejected that argument, explaining that the affiant's qualifications were sufficient to show he practiced in the same area of practice because the record showed he was (1) a currently practicing architect, (2) experienced in design and construction, (3) with expertise relating to "the specific issues in th[e] lawsuit." *Id.* at 737.

We agree with our sister courts that "area of practice" means "practice area *at issue* in the litigation" rather than "the defendant's general practice area." *See Mayse & Assocs.*, 635 S.W.3d at 289 (citing *Levinson Alcoser*, 513 S.W.3d at 494) (emphasis added).

## 2.2   BWA's Scope of Work

To determine the area of practice at issue in this litigation, we examine the entire record, including pleadings, to determine the scope of the defendant's work. *See Jacobs Field Servs. N. Am., Inc. v. Willeford*, No. 01-17-00551-CV, 2018 WL 3029060, at \*8 (Tex. App.—Houston [1st Dist.] June 19, 2018, no pet.) (mem. op.) (examining the affidavit, procurement documents, and deposition testimony to determine the scope of defendant's work).

Dilley ISD's live petition alleges BWA negligently performed services under an architectural services agreement. That agreement indicates BWA's scope of work included design services, preparation of construction documents, negotiation services, administration of construction, and coordination of consultants.

Fiebig's affidavit confirms that BWA provided "Architectural services . . . in the design and construction of Dilley High School," and identifies specific areas where BWA allegedly acted

negligently: (1) design of the drainage system; (2) design of the exterior cladding (EIFS) systems, causing water intrusion; (3) design of the parapet walls; (4) construction drawings; (5) observation of construction work; and (6) concealment of known design issues.

### 2.3 Fiebig Practices in the Area at Issue

Fiebig's affidavit details his "job duties and areas of practice," including working "with owners, developers, builders, and other design professionals to prepare construction documents for the design of new buildings and structures." Significantly, the affidavit lists Fiebig's experience working on projects including "residential, commercial (office), church design, [and] educational design." The affidavit also indicates Fiebig provides services during construction including construction observations, field inspections, and preparing field reports. Fiebig's curriculum vitae states that he has worked as "project architect" and "project manager" in both Texas and Colorado. Under a section entitled "Job Duties/Areas of Practice," the curriculum vitae contains the same information recited in his affidavit.

Most importantly, Fiebig's deposition testimony reveals that he has provided architectural services to Big Springs ISD in Texas, specifically involving "repair design drawings for site grading and storm water management." This establishes direct experience with school district architectural work in Texas, addressing the specific types of issues—drainage and water management—central to the alleged defects in this case.

The Texas Supreme Court has observed that "courts of appeals generally reject[] the notion that chapter 150 imposes the same level of scrutiny as that imposed on the admissibility of expert-opinion testimony for summary-judgment or trial purposes." *Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 890–91 (Tex. 2017). The statute thus "reflects [the] legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." *M–E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet.

denied). This requires a careful balance between "dismissing meritless claims" and "not dismissing meritorious claims merely on a procedural technicality." *Mayse*, 635 S.W.3d at 287.

Applying these principles, we hold that Fiebig's affidavit meets the practice area requirement. The record establishes that Fiebig has performed architectural work on public schools in Texas, precisely the type of work that forms the basis of the negligence claims against BWA. And the record demonstrates that Fiebig possesses experience directly relevant to the specific construction defects alleged by Dilley ISD. This goes beyond generalized practice associated with merely holding an architectural license.

We reject BWA's argument that its narrow subspecialty defines the relevant practice area, i.e., providing comprehensive architectural services to K-12 public schools in Texas. We interpret statutes to avoid absurd results. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011). BWA's narrow reading would create an insurmountable procedural barrier that would undermine the statute's purpose of providing a threshold review at the outset of litigation.[4] We need not opine on general divisions between architectural practice areas because the record clearly establishes that Fiebig "practices in the area of practice of" BWA within the meaning of Texas Civil Practice and Remedies Code section 150.002(a)(3).

## CONCLUSION

The affidavit and deposition testimony establish that Fiebig practices in the practice area at issue in this litigation. Because the trial court properly denied BWA's motion to dismiss, we affirm.

Velia J. Meza, Justice

---

[4] *Accord Gaertner v. Langhoff*, 509 S.W.3d 392, 398 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (rejecting argument that "historical preservation architecture" was the relevant area of practice for the purposes of section 150.002(a) and stating "arguments about the impact of the historical nature of the property on [a] duty and standard of care implicate issues to be resolved at a later stage").